FILED
August 6, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-15-00408-CV
6296133
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/30/2015 3:04:47 PM
JEFFREY D. KYLE
CLERK

**Oral Argument Requested**

No. 03-15-00408-CV

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/30/2015 3:04:47 PM
JEFFREY D. KYLE
Clerk

## IN THE COURT OF APPEALS OF TEXAS
## THIRD DISTRICT, AT AUSTIN

### ALAN B. RICH d/b/a LAW OFFICE OF ALAN B. RICH,

*Appellant*,

vs.

### CANTILLO & BENNETT, L.L.P., SPECIAL DEPUTY RECEIVER OF SANTA FE AUTO INSURANCE COMPANY, INC.,

*Appellee*.

Appeal from the 98th Judicial District Court of Travis County, Texas
Hon. Amy Clark Meachum, 201st District Court, Presiding
Trial Court Cause No. D-1-GN-15-000799

### APPELLANT'S OPENING BRIEF

Alan B. Rich
State Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas  75270
214.744.5100
214.744.5101 [fax]
arich@alanrichlaw.com

LEAD COUNSEL FOR APPELLANT

## Identity of Parties and Counsel

**Appellant**

Alan B. Rich

**Attorney for the Appellant**

Alan B. Rich
State Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
214.744.5100
214.744.5101 [fax]
arich@alanrichlaw.com

**Appellee**

Cantillo & Bennett, L.L.P., Special Deputy Receiver of Santa Fe Auto Insurance
Company, Inc.

**Attorneys for Appellee**

Fuller Law Group
Christopher Fuller
State Bar No. 07515500
4612 Ridge Oak Drive
Austin, Texas 78731
Telephone: (512) 470-9544
Email: cfuller@fullerlaw.org

# Table of Contents

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

Points Presented for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . x

I.      Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        A.      The Allegations.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        B.      The Contract/Arbitration Provision. . . . . . . . . . . . . . . . . . . . . . . . . 3

II.     Summary of Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.    Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        A.      STANDARD OF REVIEW AND APPLICABLE LAW. . . . . . . . . . . . . . . . . . . 7

        B.      ARGUMENT/POINTS PRESENTED FOR REVIEW (Restated) AND
                SUPPORTING ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

                1.      A Valid Arbitration Agreement Exists
                        [Germane to All Points]. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

                2.      SDR's Claims Are Within the Scope of the
                        Arbitration Provision [Germane to All Points]. . . . . . . . . . . 12

3. The SDR's Arguments that it Was Not a Party to the Arbitration Agreement, and that this Case is Outside the Scope of the Agreement were Wrong, and, in Addition, the SDR Failed to Prove a Defense to Arbitration [Germane to All Points].. . . . . . . . . . . . . . . . . . . 15

  a. There was No Waiver and No Denial of Jury Trial Rights.. . . . . . . . . . . . . . . . . 17

  b. The SDR was a Party to the Arbitration Agreement. . . 18

  c. The Case Below Is Not Outside the Scope of the Agreement Because The *Lincoln General* Suit was Filed, dismissed Pursuant to Settlement, then Refiled After The Settlement Was Not Consummated.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

  d. This Suit is Not Outside the Scope of the Arbitration Provision Because of the "Capacity" of the SDR. . . . . 22

IV. Conclusion and Prayer for Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xi

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xi

Appendix Cover Page and Table of Contents.. . . . . . . . . . . . . . . . . . . . . . . . xii

# Index of Authorities

**Cases**                                                                                **Page**

*Allied-Bruce Terminix Co., v. Dobson*, 513 U.S. 265 (1995). . . . . . . . . . . . . . . . . . 4

*City of Houston v. Bates*, 406 S.W.3d 539 (Tex. 2013). . . . . . . . . . . . . . . . . . . . . 25

*Daniels v. Walters*, No. 03-03-00375-CV, 2004 WL 741672
       (Tex. App. – Austin, April 8, 2004, pet. denied). . . . . . . . . . . . . . . . . . . . . . 24

*El Paso Elec. Co. v. Tex. Dept. of Ins*., 937 S.W.2d 432 (Tex. 1996). . . . 11, 12, 18

*Greenberg Traurig, LLP v. Nat'l Am. Ins. Co.*, 448 S.W.3d 115
       (Tex. App. – Houston [14[th] Dist.] 2014, no pet.). . . . . . . . . . . . . . . . . . . . . 14

*GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*,
       197 S.W.3d 305 (Tex. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 20

*In re Weekley Homes, L.P.*, 180 S.W.3d 127 (Tex. 2005). . . . . . . . . . . . . . . . . . . 8

*In re D. Wilson Constr. Co.*, 196 S.W.3d 774 (Tex. 2006). . . . . . . . . . . . . . . . . . 7

*In re FirstMerit Bank, N.A.*, 52 S.W.3d 749 (Tex. 2001). . . . . . . . . . . . . . 9, 20, 21

*In re Sun Communications, Inc.*, 86 S.W.3d 313
       (Tex. App. – Austin 2002, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re L & L Kempwood Associates, L.P.*, 9 S.W.3d 125 (Tex. 1999). . . . . . . . . . . 4

*In re Fleetwood Homes of Texas, L.P.*, 257 S.W.3d 692 (Tex. 2008). . . . . . . . . . 17

*In re 24R, Inc.*, 324 S.W.3d 564 (Tex. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571 (Tex. 1999). . . . . . . . . . 8, 17

*In re Rubiola*, 334 S.W.3d 220 (Tex. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732 (Tex. 2005).. . . . . . . . . . . . 12

*J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223 (Tex. 2003). . . . . . . . . . . . . 8, 15

*Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266 (Tex. 1992).. . . . . . . . . . . . 24

*Janvey v. Alguire*, 628 F.3d 164 (5th Cir. 2010), *opinion withdrawn
      and substitute opinion issued*, 647 F.3d 585 (5th Cir. 2011). . . . . . . . . . . 22

*Javitch v. First Union Secs., Inc.*, 315 F.3d 619 (6th Cir. 2003). . . . . . . . . . . . . 12

*Lincoln General Ins. Co. v. U.S. Auto Ins. Services, Inc.*,
      809 F.Supp.2d 582 (N.D. Tex. 2011), *aff'd in part, rev'd in part
      and remanded*, 787 F.3d 716 (5th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . 22

*Lincoln General Ins. Co. v. U.S. Auto Ins. Services, Inc.*,
      892 F.Supp.2d 787 (N.D. Tex. 2012), *aff'd in part, rev'd in part
      and remanded*, 787 F.3d 716 (5th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . 2

*Lucchese Boot Co. v. Licon*, 388 S.W.3d 365
      (Tex. App. – El Paso 2012, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Northwestern Corp. v. National Union Fire Ins. Co. of Pittsburgh, PA*,
      321 B.R. 120 (Bankr. D. Del. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Paper, Allied-Indus. Chem. And Energy Workers Intern. Union,
      Local 4-12 v. Exxon Mobil Corp.*, 657 F.3d 272 (5th Cir. 2011). . . . . . . . . 13

*Perry Homes v. Cull*, 258 S.W.3d 580 (Tex. 2008). . . . . . . . . . . . . . . . . . . . . 17

*Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896 (Tex. 1995). . . . . . . . . . . . . 8, 12

*Reagan Nat. Advertising of Austin, Inc. v. Hazen*, No. 03-05-00699-CV,
      2008 WL 2938823 (Tex. App. – Austin, July 29, 2008, no pet.). . . . . . . . . 24

*Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, – S.W.3d –,
      2015 WL 3976101 (Tex., June 26, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Santamorena v. Georgia Military College*, 147 F.3d 1337 (11th Cir. 1998). . . . . 23

*SEB, Inc. v. Campbell*, No. 03–10–00375–CV, 2011 WL 749292
      (Tex. App. – Austin, March 2, 2011, no pet.).. . . . . . . . . . . . . . . . . . . . . . . 9

*Serna v. International Bank of Commerce*, 357 S.W.3d 89
      (Tex. App. – San Antonio 2011, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . 17

*Small v. Special Contrs., Inc.*, 310 S.W.3d 639
      (Tex. App. – Dallas 2010, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Vireo, P.L.L.C. v. Cates*, 953 S.W.2d 489
      (Tex. App. – Austin 1997, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Webb v. Reynolds Transp., Inc.*, 949 S.W.2d 364
      (Tex. App. –  San Antonio 1997, no writ). . . . . . . . . . . . . . . . . . . . . . . . 12

| Statutes | Page |
|---|---|

9 U.S.C. §1, *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

9 U.S.C. §2.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Section 171.001, TEX. CIV. PRAC. & REM. CODE.. . . . . . . . . . . . . . . . . . . . . . . . . 4

Section 443.005(c), TEX. INS. CODE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Section 443.005(e), TEX. INS. CODE. . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 16, 25

Section 443.151 *et seq.*, TEX. INS. CODE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Section 443.154(m), TEX. INS. CODE. . . . . . . . . . . . . . . . . . . . . . . . . . 10, 18, 24

Section 443.206(a), TEX. INS. CODE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Sections 443.154(s), TEX. INS. CODE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Section 1902, OKLA. INS. CODE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## Statement of the Case

This is an interlocutory appeal from an order denying a motion to compel arbitration under both the Texas and federal arbitration acts. The Special Deputy Receiver of Santa Fe Insurance Company sued a number of persons in the court below on behalf of Santa Fe. One co-defendant, appellant Rich, was the attorney for Santa Fe and a number of other co-defendants in federal court litigation pending in Dallas. Rich and Santa Fe (and all but one of the other Dallas co-defendants) entered into a written legal services agreement for the Dallas federal court litigation that contained a provision requiring all disputes relating to attorney's fees be submitted to arbitration. The SDR asserts various causes of action against Rich, all of which relate to the fees paid to him by Santa Fe in the Dallas litigation. Rich moved to compel arbitration. A hearing was held on June 22, 2015. On June 24, 2015 trial court denied the motion without explanation and requested an order to that effect. After the parties agreed to the form of the Order, it was signed on June 29, 2015. [Appendix A]. A timely notice of appeal followed on July 1, 2015.

**Statement Regarding Oral Argument**

Oral argument is requested. Although this is a simple case and the principles applicable here are straightforward, the SDR raised many "defenses" below which can be confusing (and we believe were confusing to the trial court), and oral argument may be useful to sort through those defenses.

## Points Presented for Review

### I.

**The trial court erred by denying the motion to compel arbitration because the record shows that, as a matter of law, Rich and the SDR were parties to an agreement containing a valid arbitration clause; this suit is within the scope of the arbitration clause; and no valid defense to arbitration was proved by the SDR**

### II.

**The trial court erred by denying the motion to compel arbitration because there is no evidence of any valid defense to arbitration**

# I.

## Statement of Facts

### A.     The Allegations

On February 27, 2015, Cantilo & Bennett, L.L.P., as special deputy receiver

(the "Receiver") of Santa Fe Auto Insurance Company ("Santa Fe") filed the above

referenced lawsuit against various parties, including attorney Alan Rich ("Rich").

According to the Petition, Santa Fe was an insurance company ultimately

controlled by co-defendants Jim Maxwell and Doug Maxwell.  (CR 8).[1]  The

relevant allegations in the Petition further state:

> In 2007, Lincoln General Insurance Company ("Lincoln General")
> filed suit against US Auto, Gamma Group, CSi, Alpha Partners, Santa
> Fe, Doug Maxwell, and Jim Maxwell in the United State District
> Court for the Northern District of Texas.  The Lincoln General
> Lawsuit was dismissed in 2009 and then re-filed upon the failure of
> the parties to that lawsuit to conclude the terms of the settlement.  The
> Lincoln General litigation was based on a reinsurance program
> involving US Auto.  Santa Fe was not a party to any contract with
> Lincoln General.  Defendants Jim Maxwell and Doug Maxwell were
> sued personally for their alleged conduct relating to the US
> Auto/Lincoln General reinsurance program.  They were not sued for
> any conduct involving Santa Fe.  Nevertheless, the Maxwells, the
> persons ultimately controlling Santa Fe, caused Santa Fe to pay the
> legal fees and expenses of all defendants in the Lincoln General
> litigation.  They also caused Santa Fe to pay the legal fees and

---

[1] In this Brief, "CR" followed by a number is a citation to that page of the
Clerk's Record.  "RR" followed by a number is a citation to that page of the
Reporter's Record.  All emphases in this brief are supplied unless otherwise stated.

expenses for matters involving the affiliate Gamma Group. The payments on behalf of the directors and affiliates, spanning more than five years, were not disclosed in filings with the Texas Department of Insurance. The Board of Directors of Santa Fe did not expressly authorize the payments.

(CR 9).[2]

With respect to attorney Rich, the Petition specifically alleges that:

Defendant Alan Rich began representing Santa Fe in the Lincoln General litigation in 2008. At this time, he represented Jim Maxwell, Doug Maxwell, CSi, Alpha Partners, and Gamma Group. However, Rich billed only Santa Fe and was paid for all of his legal services and expenses only by Santa Fe. He billed and was paid by Santa Fe for legal services he provided solely to the Gamma Group. He continued to bill and be paid by Santa Fe for work on the Lincoln General litigation even after Santa Fe was dismissed from the suit. In the months leading up to Santa Fe's receivership, Rich demanded, and was paid, his invoices for legal fees and expenses on a weekly basis. Both before and after Santa Fe's receivership, Rich acted on behalf of the owners and controlling principals of Santa Fe to the detriment of Santa Fe.

(CR 10)

---

[2] Of course, Rich does not concede that any of the allegations made in the suit are true. Indeed, even just the quoted passage is misleading in its attempt to isolate Santa Fe's conduct from that of its co-defendants in the *Lincoln General* case. Lincoln General's allegations relating to Santa Fe were based on conduct allegedly caused and ultimately controlled by the Maxwells. In particular, Lincoln General claimed that the Maxwells controlled Santa Fe, that Santa Fe was guilty of converting property of Lincoln General and further accused Santa Fe of being an aider and abettor of Doug Maxwell's alleged breaches of fiduciary duties owed to Lincoln General. *See, e.g., Lincoln General Ins. Co. v. U.S. Auto Ins. Services, Inc.*, 892 F.Supp.2d 787, 797 (N.D. Tex. 2012), *aff'd in part, rev'd in part and remanded*, 787 F.3d 716 (5th Cir. 2015).

Based on these allegations, Plaintiff alleged various causes of action against Rich, all of which are directly related to the amount of legal fees, litigation expenses, and payments made by Santa Fe to Rich.  (CR 13-16).

**B.      The Contract/Arbitration Provision**

On or about August 6, 2008, Rich entered into a legal representation contract with Gamma Group Inc., Santa Fe Auto Insurance Company, CSi Agency Services, Inc., Alpha Partners Ltd., James D. Maxwell, and James T. Maxwell, to serve as counsel in the Lincoln General lawsuit ("Legal Agreement").  (CR 30-33). The relevant paragraph of the Legal Agreement reads as follows:

> You agree to notify me in writing if you dispute any billing entry or computation.  If you fail to do so within thirty (30) days after the date of a statement, all entries shall be deemed by both you and I to be fair and correct.  If you disagree with the amount of my fee, please take up the matter with me as soon as you can.  Typically, such disagreements are resolved to the satisfaction of both sides with little inconvenience or formality.  In the event of a fee dispute which is not readily resolved, you have the right to request arbitration under supervision of the state or local bar association for the jurisdiction in which we practice, and I agree to participate fully in that process. ***Any dispute regarding payment shall be submitted to arbitration.***

(CR 32) [Appendix B].

The Legal Agreement at issue contained an unambiguous arbitration provision that required any fee dispute and any dispute relating to fee payments be submitted to arbitration.  Based on that provision, Rich moved to stay proceedings and compel arbitration under both the Federal Arbitration Act, 9 U.S.C. §1, *et seq*.

-3-

("FAA") [Appendix C], and the Texas Arbitration Act ("TAA"), Section 171.001, *et seq.*, TEX. CIV. PRAC. & REM. CODE. [Appendix D][3] Despite the arbitration provision, the trial court denied Rich's motion to compel arbitration of this dispute. CR 181-82, 183-84.

## II.

## Summary of Argument

Santa Fe and Rich entered a written legal services agreement concerning the *Lincoln General* litigation in Dallas federal court that contains a provision requiring all claims regarding payment of legal fees be arbitrated. The SDR is a party to that agreement by virtue of the Insurance Code. While a myriad of causes of action have been asserted by the SDR against Rich, at bottom the factual allegations against Rich concern the payment of legal fees to Rich by Santa Fe. This lawsuit is thus within the scope of the arbitration provision. In spite of these

---

[3] The FAA governs an arbitration provision that is contained in a contract that affects or involves interstate commerce. 9 U.S.C. §2. As seen in the *Lincoln General* complaint (CR 147), Lincoln General was a Pennsylvania entity suing Texas entities. That is a sufficient nexus to interstate commerce. *In re L & L Kempwood Associates, L.P.*, 9 S.W.3d 125, 127 (Tex. 1999). It should also be noted that the FAA is not exclusive; therefore, when the contract involves interstate commerce but does not specifically reference the FAA, then either FAA or the TAA, or both, may be invoked to compel arbitration. *Allied-Bruce Terminix Co., v. Dobson,* 513 U.S. 265, 277-281 (1995); *In re L&L Kempwood Associates, L.P.*, 9 S.W.3d 125, 127-128 (Tex. 1999).

clearly established facts, the trial court denied Rich's timely motion to compel arbitration. While the trial court gave no explanation for its decision, and the SDR asserted numerous defenses, both real and affirmative.

The SDR asserted that it was not a party to the agreement and that this lawsuit was outside the agreement's scope. Neither of these arguments hold water since the SDR steps into Santa Fe's shoes as party to the agreement by virtue of the Insurance Code, and because it is suing on Santa Fe's behalf by asserting a claim or claims that only Santa Fe could assert as client. Significantly, all of the facts underlying the claims only a client may assert are inextricably intertwined with everything the SDR alleged. That being the case, this entire case as between Rich and the SDR is subject to arbitration.

The SDR also alleged that Rich waived his right to arbitration. There is no evidence of that at all. Rich filed an answer of course, which included a demand for arbitration. The SDR did not even attempt to proffer evidence of prejudice. The SDR claimed that its jury trial rights would be infringed if it arbitrated. The law is to the contrary. An agreement to arbitrate is a jury trial waiver.

The SDR asserted that only a part of the fees paid in the *Lincoln General* litigation can be the subject of arbitration because the suit referenced in the legal services agreement was settled, dismissed and then re-filed (under provisions

requiring the re-filing as the sole remedy for failure to consummate the settlement). Even were the two iterations of the *Lincoln General* case considered different suits for purposes of the engagement letter, that argument still ignores the plain meaning of the legal services agreement which covers not only the case, but all matters related to the case.

The SDR also argued below that it should not have to arbitrate this case because Rich had two other extraneous engagements with a Santa Fe affiliate, called Gamma Group, which was a *Lincoln General* litigation co-defendant. This argument fails because the SDR's argument presumes those other engagements to be at issue here – but that is not so because the petition concerns only fees paid by Santa Fe in the *Lincoln General* litigation. Further, those other engagement letters had the same arbitration clauses which, by virtue of the SDR now seeking to recover money from Rich based on those letters, binds the SDR to those agreements to arbitrate.

The SDR further claimed that it is suing on behalf of creditors and policyholders and therefore is not bound by the arbitration provision between Santa Fe and Rich. Again, this argument ignores well-worn arbitration law and the terms of the Insurance Code itself. The chapter of the Insurance Code at issue here differentiates between the possible capacities in which a receiver can act –

whenever that difference makes a legal difference. Yet, in the arbitration savings clause of the Insurance Code, no such distinctions are drawn; instead, the code provides that any otherwise valid arbitration provisions are preserved, with no capacity-related limitations at all on that broad language. The SDR's argument also ignores that, as discussed above, it is asserting claims only a client can assert based on a facts that are intertwined to all other facts involved in this case.

Rich showed that there is a valid written arbitration agreement between him and Santa Fe, to which the SDR is now legally the party, and that the case below is within the scope of the arbitration clause. The SDR provided no evidence that it has a valid defense to the arbitration provision. The trial court reversibly erred.

## III.

## Argument

### A. STANDARD OF REVIEW AND APPLICABLE LAW

When considering a motion to compel arbitration, a court must determine whether a valid arbitration agreement exists, and whether the claims in dispute fall within that agreement's scope. *In re Rubiola*, 334 S.W.3d 220, 224 (Tex. 2011). Therefore, on appeal: "Whether a valid arbitration agreement exists is a legal question subject to *de novo* review." *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781 (Tex. 2006).

Under the FAA, Texas law governs whether a litigant agreed to arbitrate, and federal law governs the scope of an arbitration clause. *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005). A party seeking to compel arbitration meets its burden to establish that a valid arbitration agreement covers the claims at issue by producing a signed agreement covering these claims. *See In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999). If a valid arbitration agreement exists, then, in the trial court and on appeal, a strong presumption arises favoring arbitration, and the burden is on the party opposing arbitration to raise and prove an affirmative defense to enforcing arbitration. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). Any doubts as to whether Santa Fe's claims against Rich fall within the scope of the arbitration clause must be resolved in favor of arbitration. *See Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995). Put another way, a court should order a case to arbitration unless the court can say with positive assurance that an arbitration clause is not susceptible of an interpretation that would cover the claims at issue. *Id.* A trial court that refuses to compel arbitration under a valid and enforceable arbitration agreement has clearly abused its discretion. *In re 24R, Inc.*, 324 S.W.3d 564, 566 (Tex. 2010).

In determining whether a claim falls within the scope of an arbitration clause, an "Eight Corners" rule is applied, with the court focusing on the contract and the factual allegations of the complaint, and not the legal claims asserted. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 755 (Tex. 2001); *In re Sun Communications, Inc.*, 86 S.W.3d 313, 318 (Tex. App. – Austin 2002, no pet.)

If there are disputed fact issues which required resolution of the arbitrability question (although that is not the case here), those factual determinations are reviewed under the no evidence standard of review. *See, e.g., SEB, Inc. v. Campbell*, No. 03–10–00375–CV, 2011 WL 749292, *2 (Tex. App. – Austin, March 2, 2011, no pet.).

Finally, an arbitration provision of a legal services agreement between an attorney and client is subject to the exact same analysis as would any other arbitration provision. *Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, – S.W.3d –, –, 2015 WL 3976101, *3 (Tex., June 26, 2015).

**B.** **POINTS PRESENTED FOR REVIEW (Restated) AND SUPPORTING ARGUMENT**

## I.

The trial court erred by denying the motion to compel arbitration because the record shows that, as a matter of law, Rich and the SDR were parties to an agreement containing a valid arbitration clause; this suit is within the scope of the arbitration clause; and no valid defense to arbitration was proved by the SDR

## II.

The trial court erred by denying the motion to compel arbitration because there is no evidence of any valid defense to arbitration

---

**"Except as to claims <u>against</u> the estate, <u>nothing</u> in this chapter deprives a party of any contractual right to pursue arbitration."**

Section 443.005(e), TEX. INS. CODE [Appendix E]

**1. A Valid Arbitration Agreement Exists**
[Germane to All Points]

The Legal Agreement specifically includes the following language concerning arbitration: "In the event of a fee dispute which is not readily resolved, you have the right to request arbitration under supervision of the state or local bar association for the jurisdiction in which we practice, and I agree to participate fully in that process. ***Any dispute regarding payment shall be***

*submitted to arbitration*."  (CR 32).

The parties to the Legal Agreement specifically include Rich and Santa Fe. The Legal Agreement specifically references the litigation originally styled *Lincoln General Insurance Company v. U.S. Auto Insurance Services, Inc. et al.*, and is specifically signed on behalf of Santa Fe by James D. Maxwell, who at the time was Santa Fe's president.  Thus, the Legal Agreement is clear and unambiguous – Rich and Santa Fe agreed that "any dispute regarding payment shall be submitted to arbitration."

As outlined in the Petition, Cantilo & Bennett, L.L.P., is acting as Special Duty Receiver ("SDR") of Santa Fe Auto Insurance Company, Inc.  This special receiver appointment is authorized by Section 443.151 *et seq.*, TEX. INS. CODE and is outlined in the Order Appointing Liquidator and Permanent Injunction.  While the SDR is authorized to pursue the claims in this case pursuant to Section 443.154(m), TEX. INS. CODE, "as a matter of law, the SDR succeeds to all legal and equitable interests formerly held by Santa Fe including, but not limited to, attorney-client relationships."  (CR 4).  Thus, the SDR "stands in the shoes" of Santa Fe for the purposes of asserting the insurer's rights on behalf of creditors, members, policyholders, and others.  Section 443.154(m), TEX. INS. CODE; *El Paso Elec. Co. v. Texas Dept. of Ins.*, 937 S.W.2d 432, 436 (Tex. 1996).  Since the

SDR stands in the shoes of Santa Fe, it has no greater rights than Santa Fe would have if it were a party to this suit. *Id*.; *Webb v. Reynolds Transp., Inc.*, 949 S.W.2d 364, 367 (Tex. App. – San Antonio 1997, no writ); *Javitch v. First Union Secs., Inc.*, 315 F.3d 619, 625 (6th Cir. 2003). Since there is a valid arbitration provision in the Legal Agreement between the parties, the first prong of the two-prong arbitration test was met. *See* Section 443.005(e), TEX. INS. CODE ("Except as to claims against the estate, nothing in this chapter deprives a party of any contractual right to pursue arbitration.")

2. **SDR's Claims Are Within the Scope of the Arbitration Provision** [Germane to All Points]

To briefly restate the legal framework within which the "scope" prong is analyzed, arbitration is highly favored and any questions concerning the scope of the right to arbitrate are resolved in favor of arbitration. Any doubts as to whether Santa Fe's claims against Rich fall within the scope of the arbitration clause must be resolved in favor of arbitration. *See Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex.1995). A case must be ordered to arbitration unless the court can say with positive assurance that an arbitration clause is not susceptible of an interpretation that would cover the claims at issue. *Id.*; *see also In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). As a matter of

contract law, the scope of an arbitration provision is determined by the parties' intent as expressed by the language of the written agreement. *Paper, Allied-Indus. Chem. And Energy Workers Intern. Union, Local 4-12 v. Exxon Mobil Corp.*, 657 F.3d 272, 275 (5th Cir. 2011). The issue is resolved by reference to the factual allegations of the petition, not the causes of action asserted, through an "Eight-Corners" analysis where the scope of a petition's allegations is a question of law since extrinsic evidence is not permitted. *See, e.g., GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006) (in insurance coverage eight-corners analysis, extrinsic evidence is not permitted).

The key underlying factual allegation being made against Rich is that Santa Fe made payments to Rich that he was not entitled to, for which Santa Fe did not receive value for, or were otherwise improper. The allegations made and relief sought in the Plaintiff's Petition all relate to an attempt to recover fee payments made to Rich by Santa Fe. The petition seeks "an order from this Court requiring Rich to disgorge all fees previously paid by Santa Fe and forfeiting any and all rights…to any additional compensation, reimbursement, or payment." CR 15. Also, "…an award equal to all transfers to Rich…" is sought. *Id.* Plaintiffs are disputing the payments made to Rich yet are trying to avoid the arbitration provision that is applicable to such payments. That is clearly impermissible.

Furthermore all of the claims at issue in this case are based on Rich's legal representation of Santa Fe, which arises out of the Legal Agreement that contains a valid arbitration provision. *See Greenberg Traurig, LLP v. Nat'l Am. Ins. Co.*, 448 S.W.3d 115 (Tex. App. – Houston [14th Dist.] 2014, no pet.) (court compelled arbitration of claims of negligence, legal malpractice, and breach of fiduciary duty because each claim was based on the defendant's legal representation of the plaintiff that arose out of any agreement that contained an arbitration provision).

Finally, the SDR cannot plausibly argue that, on the one hand, it is entitled to dispute payments made and recover the same as a basis for their causes of action and then turn around and argue that the claims do not constitute "any dispute regarding payment" to avoid arbitration. The dispute at issue in this lawsuit clearly falls within the arbitration provision contained in the Legal Agreement and thus should be arbitrated. The trial court's finding to the contrary was an abuse of discretion since it was wrong as a matter of law, and there is no evidence to support it.

**3.** **The SDR's Arguments that it Was Not a Party to the Arbitration Agreement, and that this Case is Outside the Scope of the Agreement were Wrong, and, in Addition, the SDR Failed to Prove a Defense to Arbitration**
[Germane to All Points]

The SDR put forth several arguments concerning why it was not a party to the agreement, and why this case was outside the scope of the agreement. The SDR also attempted to prove that it had defenses to arbitration regardless of the foregoing.[4] As discussed below, the SDR's arguments were all flawed as a matter of law, and similarly failed because there was no evidence to support them.

Here, the SDR attempted to prove that the arbitration agreement was: waived and a deprivation of the SDR's "jury trial" rights; that the SDR was not a party to the arbitration agreement; that the case below was outside the scope of the agreement; and that the SDR's causes of action were outside the scope of the

---

[4] Since, as a matter of law, there was a binding arbitration agreement and the case below falls within its scope, the burden was on the SDR to prove a defense to the operation of the arbitration clause. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003).

-15-

agreement.[5]  None of these bases for avoiding the arbitration clause are valid.[6]

They all fail as a matter of law, and because there was no evidence supporting

them.

---

[5]  The SDR also claimed that requiring it to arbitrate "violated public policy."  That is obviously wrong as a matter of law since the Insurance Code itself requires that a valid arbitration provision be enforced whenever the receiver sues a party with whom the estate has a valid contract containing an arbitration clause.  Section 443.005(e), TEX. INS. CODE.

[6] The SDR also claimed (for the first time, at the hearing) that the Federal Arbitration Act was "reverse pre-empted" by the McCarran-Furguson Act and so cannot be a basis for arbitration in this case.  Because the motion to compel arbitration was also made under the Texas Arbitration Act, whether the federal act is also applicable is immaterial.  Nevertheless, it must be said that reverse preemption is a red herring because there is no provision of the Texas Insurance Code that the Federal Arbitration Act *needs to preempt in the first place* in order for the arbitration between the parties to go forward.  Indeed, the Texas Insurance Code specifically provides that (1) arbitration provisions when used by a person sued by the receiver are enforceable according to their terms; and (2) the receivership court does *not* have *exclusive* jurisdiction over all controversies involving the estate.  Section 443.005(c), (e), TEX. INS. CODE.  The Fifth Circuit case cited for reverse preemption concerned the *Oklahoma* insurance receivership laws and those laws are significantly different from Texas law.  In Oklahoma, the receivership court's jurisdiction is "original *and exclusive*" over the estate, and with respect to arbitration, "venue of such arbitration proceeding shall be in Oklahoma County."  Section 1902, OKLA. INS. CODE.  To the extent that the trial court relied in some manner on reverse preemption for its ruling, it erred as a matter of law.  Furthermore, it should be noted that federal courts are split on the issue of reverse preemption, so great caution is warranted before following one side or the other, since these splits are the product of nuances in various states' insurance laws – nuances that are discussed above and which, for example, clearly differentiate Texas law from Oklahoma law.  *See, e.g., Northwestern Corp. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 321 B.R. 120, 123-28 (Bankr. D. Del. 2005) (collecting cases).

### a. *There was No Waiver and No Denial of Jury Trial Rights*

Arbitration pursuant to a contract to do so does not violate jury trial rights. *See, e.g., Serna v. International Bank of Commerce*, 357 S.W.3d 89, 93 (Tex. App. – San Antonio 2011, no pet.). Texas and Federal case law are also very clear that simply filing an answer and jury fee, along with a motion to compel arbitration, is not sufficient to waive an arbitration provision. A party does not waive its right to enforce an arbitration provision merely by taking part in the litigation process, but must instead substantially invoke the judicial process to the opposing party's detriment prior to attempting to invoke the arbitration provision. *In re Fleetwood Homes of Texas, L.P.*, 257 S.W.3d 692, 694-695 (Tex. 2008); *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 574 (Tex. 1999); *Lucchese Boot Co. v. Licon*, 388 S.W.3d 365, 373-374 (Tex. App. – El Paso 2012, no pet.). The party seeking to prove waiver of an arbitration provision bears a "heavy burden of proof" and any doubts concerning potential waiver are resolved in favor or arbitration. *Small v. Special Contrs., Inc.*, 310 S.W.3d 639, 645 (Tex. App. – Dallas 2010, no pet.); *Perry Homes v. Cull*, 258 S.W.3d 580, 590 (Tex. 2008). In this case there is simply no evidence that Rich "substantially invoked" the judicial process and "prejudiced" the SDR.

### b. *The SDR was a Party to the Arbitration Agreement*

The SDR is a party to the Legal Agreement, since the SDR stands in Santa Fe's shoes under the provisions of the Insurance Code. All of the claims made arise from the agreement. Any implied finding to the contrary has no evidence to support it. Section 443.154(m), TEX. INS. CODE; *El Paso Elec. Co. v. Texas Dept. of Ins.*, 937 S.W.2d 432, 436 (Tex. 1996).

### c. *The Case Below Is Not Outside the Scope of the Agreement Because The Lincoln General Suit was Filed, dismissed Pursuant to Settlement, then Refiled After The Settlement Was Not Consummated*

The SDR claims that the fees which it seeks to recover are beyond the scope of the agreement. There are two bases for this claim. First, that there were two iterations of the *Lincoln General* litigation, the original case and the re-filed case.[7] The SDR asserts that because the Legal Agreement is captioned with the original case (the only case existing at the time), the re-filed *Lincoln General* case is beyond the scope of the agreement. Second, the SDR asserted at the hearing

---

[7] As the SDR itself pleads in its petition: "In 2007, Lincoln General Insurance Company ("Lincoln General") filed suit against US Auto, Gamma Group, CSi, Alpha Partners, Santa Fe, Doug Maxwell, and Jim Maxwell in the United State District Court for the Northern District of Texas. The Lincoln General Lawsuit was dismissed in 2009 and then **re-filed** upon the failure of the parties to that lawsuit to conclude the terms of the settlement." CR 9.

-18-

below that its petition seeks recovery of fees paid by Santa Fe on behalf of co-defendant Gamma Group in two cases unrelated to the *Lincoln General* litigation.

As for the first ground, there is no factual or legal basis to conclude that the Legal Agreement does not cover the re-filed *Lincoln General* case. The record shows that the original *Lincoln General* case was dismissed pursuant to a Memorandum of Understanding. CR 146-47. That MOU provided that if the settlement did not consummate, the sole remedy was to re-file the case. *Id.* That is what happened. As noted by the SDR itself in the petition, the original *Lincoln General* lawsuit was simply "re-filed upon the failure of the parties to that lawsuit to conclude the terms of the settlement." CR 9.

The Legal Agreement clearly sets out that Rich's "representation of you in this matter is limited solely to the defense of the Lawsuit *and proceedings directly related thereto*, to the extent needed." (CR 140). There is no question that, as a matter of law, the re-filed *Lincoln General* suit was the refiling contemplated by the MOU after the failed settlement attempt. As such, even if it were not considered to be the "same" litigation, it was *at the very least* a case "directly related" to the original *Lincoln General* suit. Furthermore, there is no evidence that any of the entities represented by Rich ever disputed his ongoing representation, dispute the applicability of the Legal Agreement to that

representation, question his authority to represent them, or dispute any of the bills based on re-filing of the case.

As for the second ground, the SDR's evidence includes two other engagement letters in matters unrelated to Lincoln General, which Rich entered into with an affiliate of Santa Fe, called Gamma Group.[8]  Importantly, Gamma Group was also a co-defendant in the *Lincoln General* litigation.  These two other engagement letters do not affect the arbitrability of this case for two reasons.  First, under the applicable legal standard, the SDR's petition, juxtaposed against the agreement to arbitrate, is the basis for determining arbitrability.  *See, e.g.*, *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 755 (Tex. 2001).  Extrinsic evidence is not allowed to vary the terms of the petition's allegations.  *See, e.g.*, *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006).  A review of the petition shows very clearly that the only fees at issue were those paid by Santa Fe in relation to the **Lincoln General** litigation.  One searches the SDR's petition in vein for any references *at all* to the matters which are the subject of the two extraneous engagement letters between Rich and Gamma Group.[9]

_____

[8]  *See* RR Vol. 3, Plaintiff's Exhibit 9; RR Vol. 3, Plaintiff's Exhibit 10.

[9]  *See* RR Vol. 3, Plaintiff's Exhibit 9, pg.1 (concerning a suit against "Home State County Mutual Insurance Company"); RR Vol. 3, Plaintiff's Exhibit 10, pg. 1 (concerning "proceedings on remand to the court of appeals and Supreme

Second, both of these extraneous engagement letters between Gamma

Group and Rich also contain arbitration provisions.[10] Thus, even were these

engagement letters at issue in this case – **which they are not** – it would not vary

the outcome. Were the Gamma Group agreements considered part of the case, the

petition would in turn have to be read as claiming that, like under the Santa Fe

agreement, by accepting payments from Santa Fe Rich somehow violated duties

created by or related to those Gamma Group agreements and therefore Santa Fe is

entitled to disgorgement of those fees too. Where as here, a third-party to

agreements subject to arbitration (such as the SDR/Santa Fe in relation to the

Gamma Group agreements) seeks to benefit from those agreements, that third-

party is also bound by the arbitration provisions in those agreements. *See, e.g., In

re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 755-56 (Tex. 2001).

Considering the foregoing, the trial court erred as a matter of law when it

denied the motion to compel arbitration, as it is clear that there was no evidence

that the SDR's allegations fall outside the scope of the Legal Agreement's

arbitration provision.

Court of the suit...styled and numbered *Transatlantic Reinsurance Company, et al.
v. Gamma Group, Inc., et al.*").

[10] *See* RR Vol. 3, Plaintiff's Exhibit 9, pg. 2; RR Vol. 3, Plaintiff's Exhibit
10, pg. 2.

### d. *This Suit is Not Outside the Scope of the Arbitration Provision Because of the "Capacity" of the SDR*

The SDR claims that it is not required to arbitrate because its causes of action fall outside the scope of the arbitration provision based on the "capacity" in which it filed suit. The SDR claimed that when filing suit as a representative of policyholders and creditors, it is not bound by the Legal Services agreement. Each case cited by the SDR for its proposition that it is not bound to the arbitration provision is based on either a *sui generis* case interpreting provisions of the federal Bankruptcy Code, or was vacated by the court that made it.[11] In addition, such an interpretation of the Texas Insurance Code would violate canons of statutory construction.

Courts should be cautious in extrapolating cases decided under provisions of the federal Bankruptcy Code to cases involving different statutory schemes or the common law. *See, e.g.*, *Lincoln General Ins. Co. v. U.S. Auto Ins. Services, Inc.*, 809 F.Supp.2d 582, 595 (N.D. Tex. 2011), *aff'd in part, rev'd in part and remanded*, 787 F.3d 716 (5th Cir. 2015).[12] Where, as here, there are well-

_____

[11] *Janvey v. Alguire*, 628 F.3d 164 (5th Cir. 2010), *opinion withdrawn and substitute opinion issued*, 647 F.3d 585 (5th Cir. 2011).

[12] "None of the cases Lincoln General cites applies Texas law. Even if they did, bankruptcy is a unique situation from the instant case—bankruptcy courts often consider greater equitable and public policy concerns. *See, e.g., Sun Life Ins.*

developed bodies of law concerning receivers and arbitration, there is no need to attempt to shoe-horn Bankruptcy Code cases into non-bankruptcy jurisprudence. As for the other opinion cited by the SDR – indeed it was the primary case on this issue the SDR cited below – its withdrawal by the Fifth Circuit means that it has no precedential value whatsoever. *Santamorena v. Georgia Military College*, 147 F.3d 1337, 1342 n.12 (11th Cir. 1998).[13]

Instead of the various vacated and Bankruptcy Code opinions cited by the SDR, this Court should be guided by the simple test set out by the court of appeals in *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 626 (6th Cir. 2003): "the question depends on the authority granted by the appointing court and actually exercised by the receiver." The receiver has actually exercised its authority to bring at least one cause of action against Rich which is wholly dependant upon the receiver's "capacity" being the "client," *i.e.* it was brought in the shoes of Santa Fe. Creditors and policyholders of Santa Fe (none of which are clients of Rich)

_____

*Co. of Am. v. Koszuth (In re Koszuth )*, 43 B.R. 104 (Bankr. M.D.Fla.1984). The Court is simply unconvinced that it should interpret bankruptcy courts' examinations of other states' common law to create a fiduciary duty under Texas law."

[13] That case is also distinguishable based on the same analysis that the court of appeals performed in *Javitch v. First Union Securities, Inc*., 315 F.3d 619 (6th Cir. 2003), discussed next.

have no possible legal basis to claim "breach of fiduciary duty" against Rich, and urge the relief of fee forfeiture. *See, e.g., Reagan Nat. Advertising of Austin, Inc. v. Hazen*, No. 03-05-00699-CV, 2008 WL 2938823, *2 (Tex. App. – Austin, July 29, 2008, no pet.); *Daniels v. Walters*, No. 03-03-00375-CV, 2004 WL 741672, *3 (Tex. App. – Austin, April 8, 2004, pet. denied). Since at least one claim (indeed the one seeking the most draconian relief) is brought solely in the shoes of Santa Fe, and its factual underpinnings are intertwined with all of the causes of action pled, under well-established arbitration law the entire case is subject to arbitration. *See, e.g., In re Sun Communications, Inc.*, 86 S.W.3d 313, 318 (Tex. App. – Austin 2002, no pet.); *Vireo, P.L.L.C. v. Cates*, 953 S.W.2d 489, 494 (Tex. App. – Austin 1997, pet. denied), *citing Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 271 (Tex. 1992).

In addition, the Legislature knows that receivers can act in different capacities, and is capable of specifying the receiver's capacity under Chapter 443 when that capacity is deemed important to the operation of the statute. For instance, the Legislature specified that when the receiver brings an action to avoid a transfer or a lien, it is acting in the capacity of "the insurer or a policyholder, creditor, member, or stockholder of the insurer." Section 443.206(a), TEX. INS. CODE. Further, in Sections 443.154(m),(s), TEX. INS. CODE, the Legislature

-24-

specified that liquidators can act in the capacities of "creditors, members, policyholders, shareholders of the insurer, or the public." Yet, the Legislature chose to formulate the arbitration savings clause, contained in the same chapter of the code, without drawing any distinctions based on capacity: "Except as to claims against the estate, *__nothing in this chapter deprives a party of any contractual right to pursue arbitration__*." Section 443.005(e), TEX. INS. CODE.

The Legislature *__could have__* formulated the savings clause differently, in the way the SDR contends this Court should read it: "Except as to claims against the estate __where the receiver is acting in the capacity of a policyholder, creditor, member, or stockholder of the insurer__, nothing in this chapter deprives a party of any contractual right to pursue arbitration." Instead, the Legislature simply and unambiguously stated in the code that "*any*" contractual right to arbitration is preserved when the receiver sues, *period. See, e.g., City of Houston v. Bates*, 406 S.W.3d 539, 544, 546 (Tex. 2013) (a statutory term (like "any" in this case) should be given its "plain meaning" unless that leads to absurd results, and it is presumed (as is the case here) that "the omission of a phrase contained within similar statutes had a purpose.")

The trial court's ruling denying the motion to compel arbitration was, therefore, legally wrong and an abuse of discretion since arbitration is required

here as a matter of law, and any implied findings to the contrary were wrong and not supported by any evidence.

## IV.

## <u>Conclusion and Prayer</u>

The trial court legally erred by refusing to compel the dispute between the Santa Fe SDR and Rich to arbitration, as required by the arbitration provision of the written legal services agreement concerning the *Lincoln General* litigation. While the SDR attempted to raise defenses, they were either legally wrong and insufficient, or not supported by any evidence.

The SDR is considered a party to the agreement. The SDR steps into Santa Fe's shoes as party to the agreement by virtue of the Insurance Code, and because it is asserting claims that only Santa Fe could assert as client, and, as already stated, all of the facts underlying the claims only a client may assert are inextricably intertwined with everything the SDR alleged.

This lawsuit is also within the scope of the legal services agreement. It is simply impossible to read the SDR's petition as not concerning the payment by Santa Fe of attorney's fees to Rich.

Rich did not "waive" his right to arbitration. There is no evidence of that at all. Rich filed an answer of course, which included a demand for arbitration. The

SDR did not even attempt to proffer evidence of prejudice. As for the SDR's claim that its jury trial rights would be infringed if it arbitrated, any such rights are waived by entering into a contract to arbitrate. The SDR assertions that only a part of the fees paid in the *Lincoln General* litigation can be subject to arbitration are based on a wholly incorrect reading of the legal services agreement, the plain meaning of which encompasses the *Lincoln General* litigation and all matters related thereto. It is thus immaterial to the arbitration question that the *Lincoln General* case was settled, dismissed and then re-filed. Similarly, the two other engagements Rich had with Gamma Group, a Santa Fe affiliate, are immaterial to the arbitration question. SDR's petition concerns only fees paid by Santa Fe in the *Lincoln General* litigation, and thus those other engagements are not at issue in the suit. Furthermore, if the petition's allegations were ignored, those other engagement letters had the same arbitration clauses. That means the SDR on Santa Fe's behalf would be seeking to recover money from Rich based on those agreements. Doing so binds the SDR to those agreements to arbitrate.

Finally, it is again legally immaterial whether the SDR is suing on behalf of creditors and policyholders. Whenever it is a distinction with a difference, the Insurance Code differentiates between the possible capacities in which a receiver can act. However, the arbitration savings clause of the Insurance Code makes no

such distinctions.  Instead, instead, the code provides that any otherwise valid

arbitration provisions are preserved, with no capacity-related limitations at all on

that broad language.  The SDR's argument also ignores that, as discussed above, it

is asserting claims only a client can assert based on a facts that are intertwined to

all other facts involved in this case.

The SDR has provided no evidence of the validity of the defenses it asserted

to the otherwise valid and binding arbitration provision in the Legal Services

agreement.  Because the SDR is a party to the agreement and this suit is within the

scope of the arbitration provision, the trial court erred as a matter of law.  This

Court must, therefore, reverse the trial court order and render a judgment that

requires the case below between the SDR and Rich be arbitrated.  Rich also seeks

all relief to which he is entitled.

Respectfully submitted,

/s/ Alan B. Rich

Alan B. Rich
State Bar No. 16842350
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
214.744.5100
214.744.5101 [Fax]
arich@alanrichlaw.com

COUNSEL FOR THE APPELLANT

## Certificate of Compliance

This document complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 14-point for footnotes. This document also complies with the word-count limitations of TEX. R. APP. P. 9.4(i), if applicable, because it contains 6828 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

/s/ Alan B. Rich

_____

Alan B. Rich


## Certificate of Service

The undersigned certifies that on July 30, 2015 a copy of this brief were served on the Attorneys for the Appellee through the court's electronic filing system as follows:

Fuller Law Group
Christopher Fuller
State Bar No. 07515500
4612 Ridge Oak Drive
Austin, Texas 78731
Telephone: (512) 470-9544
Email: cfuller@fullerlaw.org

/s/ Alan B. Rich

_____

Alan B. Rich

# APPENDIX

Tab A – Trial Court's Order

Tab B – Legal Services Contract

Tab C – 9 U.S.C. §1, *et seq*.

Tab D – 171.001, *et seq*.

Tab E – 443.005, TEX. INS. CODE

APPENDIX TAB A

Filed in The District Court
of Travis County, Texas

JUN 29 2015

At _____
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-15-000799

| | | |
|---|---|---|
| CANTILO & BENNETT, L.L.P., | § | IN THE DISTRICT COURT |
| SPECIAL DEPUTY RECEIVER OF | § | |
| SANTA FE AUTO INSURANCE | § | |
| COMPANY, INC., | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| BAILEY, CROWE, KUGLER & ARNOLD, | § | |
| L.L.P., F/K/A BAILEY, CROWE & | § | |
| KUGLER, L.L.P., ALAN RICH, | § | |
| JAMES DOUGLAS MAXWELL, | § | |
| JAMES THORNTON MAXWELL, | § | |
| U.S.AUTO INSURANCE SERVICES, INC., | § | |
| GAMMA GROUP, INC., ALPHA | § | |
| PARTNERS, LTD., CSI AGENCY | § | |
| SERVICES, INC., AND FROST BANK, | § | |
| *Defendants.* | § | 98th JUDICIAL DISTRICT |

## ORDER DENYING
## DEFENDANT ALAN RICH'S MOTION TO COMPEL ARBITRATION AND
## PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

On June 22, 2015 the Court called for hearing Defendant Alan Rich's Motion to Compel Arbitration and Plea in Abatement (the "Motion") and, Plaintiff, CANTILO & BENNETT, L.L.P., Special Deputy Receiver of Santa Fe Auto Insurance Company (the "SDR" and "Santa Fe"), Response in Opposition or, Alternatively, Motion to Sever Only Arbitrable Claims. Plaintiff and Rich appeared by and through their counsel of record. The Court finds that it has jurisdiction over the parties and issues herein.

After reviewing Defendant Alan Rich's Motion to Compel Arbitration and Plea in Abatement, the response, the briefs, the evidence, the pleadings and the arguments of counsel , the Court rules as follows:



004095197

183

IT IS ORDERED, ADJUDGED AND DECREED that

1. Defendant Alan Rich's Motion to Compel Arbitration and Plea in Abatement is DENIED.

2. This Order constitutes a final order fully resolving all issues relating to the Motion

Signed on ___June 29, 2015___.

By:_____

JUDGE PRESIDING

**AGREED AS TO FORM ONLY**

By: _____
**Via Facsimile: (512) 476-5382**
**Via Email: dboyce@w-g.com**
David P. Boyce
WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, Texas 78701
*Attorney for Defendant Alan Rich*

APPENDIX TAB B

# ALAN B. RICH

*Attorney and Counselor*
One Main Place
1201 Main Street, Suite 1910, LB 201
Dallas, Texas  75202-3909

| | |
|---|---|
| Board Certified, Civil Appellate Law | Telephone: 214.532.4437 |
| Texas Board of Legal Specialization | Fax: 214.749.0325 |
| Also Admitted in the State of Illinois | E-Mail: arich@alanrichlaw.com |

August 6, 2008

Gamma Group, Inc.
Attn: James D. Maxwell
13702 Gamma Road
Farmers Branch, TX

Santa Fe Auto Insurance Company
Attn: James D. Maxwell
13702 Gamma Road
Farmers Branch, TX

CSi Agency Services, Inc.
Attn: James T. Maxwell
13702 Gamma Road
Farmers Branch, TX

Alpha Partners, Ltd.
Attn: James T. Maxwell
13702 Gamma Road
Farmers Branch, TX

Mr. James D. Maxwell
13702 Gamma Road
Farmers Branch, TX

Mr. James T. Maxwell
13702 Gamma Road
Farmers Branch, TX

   Re: Engagement as counsel in *Lincoln General Insurance Company v. U.S. Auto Insurance Services, Inc., et al.*, No. 3:07-CV-1985-B

Dear Messrs. Maxwell:

  I am pleased to confirm my availability to provide legal representation to Gamma Group, Inc. ("Gamma"), Sante Fe Auto Insurance Company ("SFA"), CSi Agency Services, Inc. ("CSi"), Alpha Partners, Ltd. ("Alpha"), as well as both of you individually (Gamma, SFA, CSi, Alpha,

30

Gamma Group, Inc., *et al.*
August 6, 2008
Page 2 of 5

and both of you individually are referred to as "you") with respect to the above styled and numbered cause of action suit (hereinafter "the Lawsuit"). The purpose of this letter is to establish our agreement with regard to the nature and scope of my retention and to provide to you a summary of your obligations in connection with my retention.

For all purposes of this retention, and otherwise, the clients shall be Gamma, SFA, CSi, Alpha, James T. and James D. Maxwell. All duties and responsibilities created and imposed by this Agreement shall be owed only to you, and not to any other officer, agent, partnership, other corporation, trustee, employee, or third party as individuals, unless expressly otherwise agreed, and then only after full and accurate disclosure as needed to the court and other necessary parties.

With your assistance, I will prepare and file with the appropriate Court all necessary and appropriate documents required to defend the Lawsuit, and I will appear at trial, all hearings, proceedings or other meetings where your attorney is required to or should appear. I will also keep you advised as to all events that take place or that I anticipate taking place concerning the Lawsuit.

My representation of you in this matter is limited solely to the defense of the Lawsuit and proceedings directly related thereto, to the extent needed. I am not representing any of you for all purposes or as general counsel. Further, I am not qualified to give advice on non-legal matters such as accounting matters, investment prospects or other business advice, and I suggest you obtain professionals in those fields if you wish advice in those areas. I will perform the legal services called for under this engagement, respond promptly to your inquiries and communications, and keep you informed of the status of your matters. It will be your responsibility to keep me apprized of the facts pertinent to my representation, review and comment to me concerning documents I prepare in the course of the engagement, and timely make payments required by this Agreement. Further, I remind you that litigation is by its nature uncertain and I have made no representation to you that you will prevail in this matter or that any particular result will be achieved. I will at all times act on your behalf to the best of my ability; remember, however, that any advice concerning the outcome of your legal matters are expressions of my best professional judgment, but they are not guarantees. Such advice is necessarily limited by my knowledge of the facts and is based upon the state of the law at the time it is expressed.

My fees will be based on my billing rate, which in this matter will be $425.00 per hour. My rate is subject to change, and if a change is contemplated, I will discuss that with you in advance. I bill in quarter-hour increments. My invoices will also include charges for costs and expenses which will be reimbursed by you at their actual cost to me. Such costs and expenses will include, among others, charges for messenger services, air couriers, word processing services, secretarial overtime, photocopying, court fees, travel expenses, postage, long distance

31

Gamma Group, Inc., *et al.*
August 6, 2008
Page 3 of 5

telephone, computerized legal research facilities, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services. In the event extraordinary or significant expenses are incurred, such as transcript costs, you agree that you will pay those expenses directly or will promptly reimburse us separately from our normal invoice procedure.

I will not require a retainer from you at this time. However, you agree that if my invoices are not paid in a timely manner, a retainer will be provided upon request.

I will bill you monthly, usually on the first business day of the month, and provide detailed billing statements setting forth the services performed and the time spent. Expenses will also be detailed by category. Unless you believe that there is an inaccuracy in the billing, I will presume that you are satisfied with the bill and will expect to be paid within seven business days of receipt of my bill.

You agree to notify me in writing if you dispute any billing entry or computation. If you fail to do so within thirty (30) days after the date of a statement, all entries shall be deemed by both you and I to be fair and correct. If you disagree with the amount of my fee, please take up the matter with me as soon as you can. Typically, such disagreements are resolved to the satisfaction of both sides with little inconvenience or formality. In the event of a fee dispute which is not readily resolved, you have the right to request arbitration under supervision of the state or local bar associations for the jurisdictions in which we practice, and I agree to participate fully in that process. Any dispute regarding payment shall be submitted to arbitration.

Although the interests of Gamma, SFA, Alpha, CSi and both of you individually within the scope of this representation do not appear to presently conflict, the possibility of conflicts of interest always exists when I am retained by multiple clients. If such a conflict does arise, I may be required to withdraw from representing you in this matter. Additionally, you should be aware that communications to me either of you in the scope of this representation will not be subject to attorney-client privilege vis-a-vis the other company.

Gamma, SFA, Alpha and CSi, as well as both of you individually, may have numerous affiliates. You have agreed that my representation of you in this matter does not give rise to an attorney-client relationship between me and any of your affiliates. You also have agreed that during the course of my representation of you I will not be given any confidential information regarding any of your affiliates.

I represent other companies and individuals. It is possible that during the time that I am representing you some of my present or future clients will have disputes with you. You agree that I may continue to represent or may undertake in the future to represent existing or new

32

Gamma Group, Inc., *et al.*
August 6, 2008
Page 4 of 5

clients in any matter that is not substantially related to our work for you even if the interests of such clients in those other matters are directly adverse to you. I agree, however, that your prospective consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as a result of my representation of you, I have obtained proprietary or other confidential information of a nonpublic nature, that, if known to such other client, could be used in any such other matter by such client to your material disadvantage. I will, in the future, perform conflicts checks when you retain me for other matters and will advise you of any conflicts I discover that would preclude my representation of you.

You may terminate my representation at any time, with or without cause, by notifying me. If such termination occurs, your papers and property will be returned to you promptly upon receipt of payment for outstanding fees and costs. My own files pertaining to the case will be retained. Your termination of my services will not affect your responsibility for payment of legal services rendered and out-of-pocket costs incurred before termination and in connection with an orderly transition of the matter.

I am subject to the codes of professional responsibility for the jurisdictions in which I practice, which list several types of conduct or circumstances that require or allow me to withdraw from representing a client, including for example: nonpayment of fees or costs, misrepresentation or failure to disclose material facts, action contrary to our advice, and conflict of interest with another client. I try to identify in advance and discuss with my client any situation which may lead to my withdrawal and if withdrawal ever becomes necessary I immediately give the client written notice of my withdrawal.

I trust that this Agreement is not unduly complicated. From my experience, legal matters are complicated by nature. The purpose of this agreement is to set forth the essential terms and conditions of employment in writing, so that both parties have a full understanding. If any of the above is not clear, please advise me in writing.

If the foregoing is an accurate statement of our agreement, please indicate in the appropriate place below and return this letter to me.

Very truly yours,

Alan B. Rich

ABR/hs

33

Gamma Group, Inc., *et al.*
August 6, 2008
Page 5 of 5

AGREED:

Gamma Group, Inc.

By: _____
James D. Maxwell
Its President

Sante Fe Auto Insurance Company

By: _____
James D. Maxwell
Its President

CSi Agency Services, Inc.

By: _____
James T. Maxwell
Its President

Alpha Partners, Ltd.

By:    CSi Agency Services, Inc.
       Its general partner

By: _____
James T. Maxwell
Its President

_____
James T. Maxwell

_____
James D. Maxwell

APPENDIX TAB C

United States Code Annotated
   Title 9. Arbitration (Refs & Annos)
      Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 1

§ 1. "Maritime transactions" and "commerce" defined; exceptions to operation of title

Currentness

"Maritime transactions", as herein defined, means charter parties, bills of lading of water carriers, agreements relating to wharfage, supplies furnished vessels or repairs to vessels, collisions, or any other matters in foreign commerce which, if the subject of controversy, would be embraced within admiralty jurisdiction; "commerce", as herein defined, means commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation, but nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce.

**CREDIT(S)**
   (July 30, 1947, c. 392, 61 Stat. 670.)

Notes of Decisions (248)

9 U.S.C.A. § 1, 9 USCA § 1
Current through P.L. 114-25 approved 6-15-2015

**End of Document**                                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
  Title 9. Arbitration (Refs & Annos)
    Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 2

§ 2. Validity, irrevocability, and enforcement of agreements to arbitrate

Currentness

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

**CREDIT(S)**
  (July 30, 1947, c. 392, 61 Stat. 670.)

Notes of Decisions (3042)

9 U.S.C.A. § 2, 9 USCA § 2
Current through P.L. 114-25 approved 6-15-2015

**End of Document**                                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
  Title 9. Arbitration (Refs & Annos)
    Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 3

§ 3. Stay of proceedings where issue therein referable to arbitration

Currentness

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

**CREDIT(S)**
  (July 30, 1947, c. 392, 61 Stat. 670.)

Notes of Decisions (816)

9 U.S.C.A. § 3, 9 USCA § 3
Current through P.L. 114-25 approved 6-15-2015

---

**End of Document**                                          © 2015 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
   Title 9. Arbitration (Refs & Annos)
      Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 4

§ 4. Failure to arbitrate under agreement; petition to United States court having jurisdiction
for order to compel arbitration; notice and service thereof; hearing and determination

Currentness

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

**CREDIT(S)**

   (July 30, 1947, c. 392, 61 Stat. 671; Sept. 3, 1954, c. 1263, § 19, 68 Stat. 1233.)

Notes of Decisions (1150)

9 U.S.C.A. § 4, 9 USCA § 4
Current through P.L. 114-25 approved 6-15-2015

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
   Title 9. Arbitration (Refs & Annos)
      Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 5

§ 5. Appointment of arbitrators or umpire

Currentness

If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

**CREDIT(S)**
   (July 30, 1947, c. 392, 61 Stat. 671.)

Notes of Decisions (104)

9 U.S.C.A. § 5, 9 USCA § 5
Current through P.L. 114-25 approved 6-15-2015

**End of Document**
© 2015 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
  Title 9. Arbitration (Refs & Annos)
    Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 6

§ 6. Application heard as motion

Currentness

Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.

**CREDIT(S)**

(July 30, 1947, c. 392, 61 Stat. 671.)

Notes of Decisions (15)

9 U.S.C.A. § 6, 9 USCA § 6
Current through P.L. 114-25 approved 6-15-2015

**End of Document**                                        © 2015 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
   Title 9. Arbitration (Refs & Annos)
      Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 7

§ 7. Witnesses before arbitrators; fees; compelling attendance

Currentness

The arbitrators selected either as prescribed in this title or otherwise, or a majority of them, may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case. The fees for such attendance shall be the same as the fees of witnesses before masters of the United States courts. Said summons shall issue in the name of the arbitrator or arbitrators, or a majority of them, and shall be signed by the arbitrators, or a majority of them, and shall be directed to the said person and shall be served in the same manner as subpoenas to appear and testify before the court; if any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

**CREDIT(S)**
   (July 30, 1947, c. 392, 61 Stat. 672; Oct. 31, 1951, c. 655, § 14, 65 Stat. 715.)

Notes of Decisions (48)

9 U.S.C.A. § 7, 9 USCA § 7
Current through P.L. 114-25 approved 6-15-2015

**End of Document**                              © 2015 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
  Title 9. Arbitration (Refs & Annos)
    Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 8

§ 8. Proceedings begun by libel in admiralty and seizure of vessel or property

Currentness

If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award.

**CREDIT(S)**
  (July 30, 1947, c. 392, 61 Stat. 672.)

Notes of Decisions (65)

9 U.S.C.A. § 8, 9 USCA § 8
Current through P.L. 114-25 approved 6-15-2015

**End of Document**                                   © 2015 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
  Title 9. Arbitration (Refs & Annos)
    Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 9

§ 9. Award of arbitrators; confirmation; jurisdiction; procedure

Currentness

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

**CREDIT(S)**
  (July 30, 1947, c. 392, 61 Stat. 672.)

Notes of Decisions (442)

9 U.S.C.A. § 9, 9 USCA § 9
Current through P.L. 114-25 approved 6-15-2015

**End of Document**                     © 2015 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
   Title 9. Arbitration (Refs & Annos)
      Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 10

§ 10. Same; vacation; grounds; rehearing

Effective: May 7, 2002
Currentness

**(a)** In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--

  **(1)** where the award was procured by corruption, fraud, or undue means;

  **(2)** where there was evident partiality or corruption in the arbitrators, or either of them;

  **(3)** where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

  **(4)** where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

**(b)** If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.

**(c)** The United States district court for the district wherein an award was made that was issued pursuant to section 580 of title 5 may make an order vacating the award upon the application of a person, other than a party to the arbitration, who is adversely affected or aggrieved by the award, if the use of arbitration or the award is clearly inconsistent with the factors set forth in section 572 of title 5.

**CREDIT(S)**

   (July 30, 1947, c. 392, 61 Stat. 672; Nov. 15, 1990, Pub.L. 101-552, § 5, 104 Stat. 2745; Aug. 26, 1992, Pub.L. 102-354, § 5(b)(4), 106 Stat. 946; May 7, 2002, Pub.L. 107-169, § 1, 116 Stat. 132.)

Notes of Decisions (1553)

9 U.S.C.A. § 10, 9 USCA § 10
Current through P.L. 114-25 approved 6-15-2015

United States Code Annotated
  Title 9. Arbitration (Refs & Annos)
    Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 11

§ 11. Same; modification or correction; grounds; order

Currentness

In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration--

**(a)** Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

**(b)** Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

**(c)** Where the award is imperfect in matter of form not affecting the merits of the controversy.

The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

**CREDIT(S)**
(July 30, 1947, c. 392, 61 Stat. 673.)

Notes of Decisions (83)

9 U.S.C.A. § 11, 9 USCA § 11
Current through P.L. 114-25 approved 6-15-2015

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

<div style="border:1px solid;">

United States Code Annotated
    Title 9. Arbitration (Refs & Annos)
        Chapter 1. General Provisions (Refs & Annos)

</div>

9 U.S.C.A. § 12

§ 12. Notice of motions to vacate or modify; service; stay of proceedings

Currentness

Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court. For the purposes of the motion any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

**CREDIT(S)**
   (July 30, 1947, c. 392, 61 Stat. 673.)

Notes of Decisions (92)

9 U.S.C.A. § 12, 9 USCA § 12
Current through P.L. 114-25 approved 6-15-2015

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
  Title 9. Arbitration (Refs & Annos)
    Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 13

§ 13. Papers filed with order on motions; judgment; docketing; force and effect; enforcement

Currentness

The party moving for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk:

**(a)** The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.

**(b)** The award.

**(c)** Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

The judgment shall be docketed as if it was rendered in an action.

The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered.

**CREDIT(S)**
    (July 30, 1947, c. 392, 61 Stat. 673.)

Notes of Decisions (16)

9 U.S.C.A. § 13, 9 USCA § 13
Current through P.L. 114-25 approved 6-15-2015

**End of Document**                                      © 2015 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
  Title 9. Arbitration (Refs & Annos)
    Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 14

§ 14. Contracts not affected

Currentness

This title shall not apply to contracts made prior to January 1, 1926.

**CREDIT(S)**
  (July 30, 1947, c. 392, 61 Stat. 674.)

Notes of Decisions (2)

9 U.S.C.A. § 14, 9 USCA § 14
Current through P.L. 114-25 approved 6-15-2015

**End of Document**                                         © 2015 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
    Title 9. Arbitration (Refs & Annos)
        Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 15

§ 15. Inapplicability of the Act of State doctrine

### Currentness

Enforcement of arbitral agreements, confirmation of arbitral awards, and execution upon judgments based on orders confirming such awards shall not be refused on the basis of the Act of State doctrine.

**CREDIT(S)**

(Added Pub.L. 100-669, § 1, Nov. 16, 1988, 102 Stat. 3969.)

Notes of Decisions (1)

9 U.S.C.A. § 15, 9 USCA § 15
Current through P.L. 114-25 approved 6-15-2015

**End of Document**    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
  Title 9. Arbitration (Refs & Annos)
    Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 16

§ 16. Appeals

Currentness

**(a)** An appeal may be taken from--

  **(1)** an order--

    **(A)** refusing a stay of any action under section 3 of this title,

    **(B)** denying a petition under section 4 of this title to order arbitration to proceed,

    **(C)** denying an application under section 206 of this title to compel arbitration,

    **(D)** confirming or denying confirmation of an award or partial award, or

    **(E)** modifying, correcting, or vacating an award;

  **(2)** an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

  **(3)** a final decision with respect to an arbitration that is subject to this title.

**(b)** Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order--

  **(1)** granting a stay of any action under section 3 of this title;

  **(2)** directing arbitration to proceed under section 4 of this title;

  **(3)** compelling arbitration under section 206 of this title; or

  **(4)** refusing to enjoin an arbitration that is subject to this title.

**CREDIT(S)**

(Added Pub.L. 100-702, Title X, § 1019(a), Nov. 19, 1988, 102 Stat. 4670, § 15; renumbered Pub.L. 101-650, Title III, § 325(a)(1), Dec. 1, 1990, Stat. 5120.)

Notes of Decisions (183)

9 U.S.C.A. § 16, 9 USCA § 16
Current through P.L. 114-25 approved 6-15-2015

**End of Document**                                   © 2015 Thomson Reuters. No claim to original U.S. Government Works.

APPENDIX TAB D

Vernon's Texas Statutes and Codes Annotated
    Civil Practice and Remedies Code (Refs & Annos)
        Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
            Chapter 171. General Arbitration (Refs & Annos)
                Subchapter A. General Provisions (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.001

§ 171.001. Arbitration Agreements Valid

Currentness

(a) A written agreement to arbitrate is valid and enforceable if the agreement is to arbitrate a controversy that:

(1) exists at the time of the agreement; or

(2) arises between the parties after the date of the agreement.

(b) A party may revoke the agreement only on a ground that exists at law or in equity for the revocation of a contract.

**Credits**
Amended by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (636)

V. T. C. A., Civil Practice & Remedies Code § 171.001, TX CIV PRAC & REM § 171.001
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**                                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter A. General Provisions (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.002

§ 171.002. Scope of Chapter

Currentness

(a) This chapter does not apply to:

(1) a collective bargaining agreement between an employer and a labor union;

(2) an agreement for the acquisition by one or more individuals of property, services, money, or credit in which the total consideration to be furnished by the individual is not more than $50,000, except as provided by Subsection (b);

(3) a claim for personal injury, except as provided by Subsection (c);

(4) a claim for workers' compensation benefits; or

(5) an agreement made before January 1, 1966.

(b) An agreement described by Subsection (a)(2) is subject to this chapter if:

(1) the parties to the agreement agree in writing to arbitrate; and

(2) the agreement is signed by each party and each party's attorney.

(c) A claim described by Subsection (a)(3) is subject to this chapter if:

(1) each party to the claim, on the advice of counsel, agrees in writing to arbitrate; and

(2) the agreement is signed by each party and each party's attorney.

**Credits**
Amended by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (47)

V. T. C. A., Civil Practice & Remedies Code § 171.002, TX CIV PRAC & REM § 171.002
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**                                                                © 2015 Thomson Reuters. No claim to original U.S. Government Works.

---

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter A. General Provisions (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.003

§ 171.003. Uniform Interpretation

[Currentness](#)

This chapter shall be construed to effect its purpose and make uniform the construction of other states' law applicable to an arbitration.

**Credits**

Amended by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (3)

V. T. C. A., Civil Practice & Remedies Code § 171.003, TX CIV PRAC & REM § 171.003
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Civil Practice and Remedies Code (Refs & Annos)
        Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
            Chapter 171. General Arbitration (Refs & Annos)
                Subchapter A. General Provisions (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.004

§§ 171.004 to 171.020. Deleted by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997

Currentness

V. T. C. A., Civil Practice & Remedies Code § 171.004, TX CIV PRAC & REM § 171.004
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter B. Proceedings to Compel or Stay Arbitrations (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.021

§ 171.021. Proceeding to Compel Arbitration

Currentness

(a) A court shall order the parties to arbitrate on application of a party showing:

  (1) an agreement to arbitrate; and

  (2) the opposing party's refusal to arbitrate.

(b) If a party opposing an application made under Subsection (a) denies the existence of the agreement, the court shall summarily determine that issue. The court shall order the arbitration if it finds for the party that made the application. If the court does not find for that party, the court shall deny the application.

(c) An order compelling arbitration must include a stay of any proceeding subject to Section 171.025.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (161)

V. T. C. A., Civil Practice & Remedies Code § 171.021, TX CIV PRAC & REM § 171.021
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**
© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter B. Proceedings to Compel or Stay Arbitrations (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.022

§ 171.022. Unconscionable Agreements Unenforceable

Currentness

A court may not enforce an agreement to arbitrate if the court finds the agreement was unconscionable at the time the agreement was made.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (22)

V. T. C. A., Civil Practice & Remedies Code § 171.022, TX CIV PRAC & REM § 171.022
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter B. Proceedings to Compel or Stay Arbitrations (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.023

§ 171.023. Proceeding to Stay Arbitration

Currentness

(a) A court may stay an arbitration commenced or threatened on application and a showing that there is not an agreement to arbitrate.

(b) If there is a substantial bona fide dispute as to whether an agreement to arbitrate exists, the court shall try the issue promptly and summarily.

(c) The court shall stay the arbitration if the court finds for the party moving for the stay. If the court finds for the party opposing the stay, the court shall order the parties to arbitrate.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (20)

V. T. C. A., Civil Practice & Remedies Code § 171.023, TX CIV PRAC & REM § 171.023
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**
© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
   Civil Practice and Remedies Code (Refs & Annos)
      Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
         Chapter 171. General Arbitration (Refs & Annos)
            Subchapter B. Proceedings to Compel or Stay Arbitrations (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.024

§ 171.024. Place for Making Application

Currentness

(a) If there is a proceeding pending in a court involving an issue referable to arbitration under an alleged agreement to arbitrate, a party may make an application under this subchapter only in that court.

(b) If Subsection (a) does not apply, a party may make an application in any court, subject to Section 171.096.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (2)

V. T. C. A., Civil Practice & Remedies Code § 171.024, TX CIV PRAC & REM § 171.024
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter B. Proceedings to Compel or Stay Arbitrations (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.025

§ 171.025. Stay of Related Proceeding

Currentness

(a) The court shall stay a proceeding that involves an issue subject to arbitration if an order for arbitration or an application for that order is made under this subchapter.

(b) The stay applies only to the issue subject to arbitration if that issue is severable from the remainder of the proceeding.

**Credits**

Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (5)

V. T. C. A., Civil Practice & Remedies Code § 171.025, TX CIV PRAC & REM § 171.025
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter B. Proceedings to Compel or Stay Arbitrations (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.026

§ 171.026. Validity of Underlying Claim

Currentness

A court may not refuse to order arbitration because:

(1) the claim lacks merit or bona fides; or

(2) the fault or ground for the claim is not shown.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (1)

V. T. C. A., Civil Practice & Remedies Code § 171.026, TX CIV PRAC & REM § 171.026
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**
© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code
    Title 7. Alternate Methods of Dispute Resolution
      Chapter 171. General Arbitration
        Subchapter C. Arbitration

V.T.C.A., Civil Practice & Remedies Code T. 7, Ch. 171, Subch. C, Refs & Annos

Currentness

V. T. C. A., Civil Practice & Remedies Code T. 7, Ch. 171, Subch. C, Refs & Annos, TX CIV PRAC & REM T. 7, Ch. 171, Subch. C, Refs & Annos
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Civil Practice and Remedies Code (Refs & Annos)
      Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
        Chapter 171. General Arbitration (Refs & Annos)
          Subchapter C. Arbitration (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.041

§ 171.041. Appointment of Arbitrators

Currentness

(a) The method of appointment of arbitrators is as specified in the agreement to arbitrate.

(b) The court, on application of a party stating the nature of the issues to be arbitrated and the qualifications of the proposed arbitrators, shall appoint one or more qualified arbitrators if:

(1) the agreement to arbitrate does not specify a method of appointment;

(2) the agreed method fails or cannot be followed; or

(3) an appointed arbitrator fails or is unable to act and a successor has not been appointed.

(c) An arbitrator appointed under Subsection (b) has the powers of an arbitrator named in the agreement to arbitrate.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (19)

V. T. C. A., Civil Practice & Remedies Code § 171.041, TX CIV PRAC & REM § 171.041
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter C. Arbitration (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.042

§ 171.042. Majority Action by Arbitrators

[Currentness]

The powers of the arbitrators are exercised by a majority unless otherwise provided by the agreement to arbitrate or this chapter.

**Credits**

Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (3)

V. T. C. A., Civil Practice & Remedies Code § 171.042, TX CIV PRAC & REM § 171.042
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** | © 2015 Thomson Reuters. No claim to original U.S. Government Works.

---

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter C. Arbitration (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.043

§ 171.043. Hearing Conducted by Arbitrators

Currentness

(a) Unless otherwise provided by the agreement to arbitrate, all the arbitrators shall conduct the hearing. A majority of the arbitrators may determine a question and render a final award.

(b) If, during the course of the hearing, an arbitrator ceases to act, one or more remaining arbitrators appointed to act as neutral arbitrators may hear and determine the controversy.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (7)

V. T. C. A., Civil Practice & Remedies Code § 171.043, TX CIV PRAC & REM § 171.043
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

---

**End of Document**                                  © 2015 Thomson Reuters. No claim to original U.S. Government Works.

---

> Vernon's Texas Statutes and Codes Annotated
>   Civil Practice and Remedies Code (Refs & Annos)
>     Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
>       Chapter 171. General Arbitration (Refs & Annos)
>         Subchapter C. Arbitration (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.044

§ 171.044. Time and Place of Hearing; Notice

Currentness

(a) Unless otherwise provided by the agreement to arbitrate, the arbitrators shall set a time and place for the hearing and notify each party.

(b) The notice must be served not later than the fifth day before the hearing either personally or by registered or certified mail with return receipt requested. Appearance at the hearing waives the notice.

(c) The court on application may direct the arbitrators to proceed promptly with the hearing and determination of the controversy.

**Credits**

Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (6)

V. T. C. A., Civil Practice & Remedies Code § 171.044, TX CIV PRAC & REM § 171.044
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter C. Arbitration (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.045

§ 171.045. Adjournment or Postponement

Currentness

Unless otherwise provided by the agreement to arbitrate, the arbitrators may:

(1) adjourn the hearing as necessary; and

(2) on request of a party and for good cause, or on their own motion, postpone the hearing to a time not later than:

(A) the date set by the agreement for making the award; or

(B) a later date agreed to by the parties.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (2)

V. T. C. A., Civil Practice & Remedies Code § 171.045, TX CIV PRAC & REM § 171.045
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter C. Arbitration (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.046

§ 171.046. Failure of Party to Appear

Currentness

Unless otherwise provided by the agreement to arbitrate, the arbitrators may hear and determine the controversy on the evidence produced without regard to whether a party who has been notified as provided by Section 171.044 fails to appear.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

V. T. C. A., Civil Practice & Remedies Code § 171.046, TX CIV PRAC & REM § 171.046
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

> Vernon's Texas Statutes and Codes Annotated
>   Civil Practice and Remedies Code (Refs & Annos)
>     Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
>       Chapter 171. General Arbitration (Refs & Annos)
>         Subchapter C. Arbitration (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.047

§ 171.047. Rights of Party at Hearing

Currentness

Unless otherwise provided by the agreement to arbitrate, a party at the hearing is entitled to:

(1) be heard;

(2) present evidence material to the controversy; and

(3) cross-examine any witness.

**Credits**

Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (2)

V. T. C. A., Civil Practice & Remedies Code § 171.047, TX CIV PRAC & REM § 171.047
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter C. Arbitration (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.048

§ 171.048. Representation by Attorney; Fees

[Currentness](#)

(a) A party is entitled to representation by an attorney at a proceeding under this chapter.

(b) A waiver of the right described by Subsection (a) before the proceeding is ineffective.

(c) The arbitrators shall award attorney's fees as additional sums required to be paid under the award only if the fees are provided for:

  (1) in the agreement to arbitrate; or

  (2) by law for a recovery in a civil action in the district court on a cause of action on which any part of the award is based.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (21)

V. T. C. A., Civil Practice & Remedies Code § 171.048, TX CIV PRAC & REM § 171.048
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** 

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

---

| |
|---|
| [Vernon's Texas Statutes and Codes Annotated](#)<br>  [Civil Practice and Remedies Code (Refs & Annos)](#)<br>    [Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)](#)<br>      [Chapter 171. General Arbitration (Refs & Annos)](#)<br>        [Subchapter C. Arbitration (Refs & Annos)](#) |

V.T.C.A., Civil Practice & Remedies Code § 171.049

§ 171.049. Oath

[Currentness](#)

The arbitrators, or an arbitrator at the direction of the arbitrators, may administer to each witness testifying before them the oath required of a witness in a civil action pending in a district court.

**Credits**

Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

[Notes of Decisions (1)](#)

V. T. C. A., Civil Practice & Remedies Code § 171.049, TX CIV PRAC & REM § 171.049
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

---

**End of Document** <span style="float:right">© 2015 Thomson Reuters. No claim to original U.S. Government Works.</span>

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter C. Arbitration (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.050

§ 171.050. Depositions

[Currentness]

(a) The arbitrators may authorize a deposition:

(1) for use as evidence to be taken of a witness who cannot be required by subpoena to appear before the arbitrators or who is unable to attend the hearing; or

(2) for discovery or evidentiary purposes to be taken of an adverse witness.

(b) A deposition under this section shall be taken in the manner provided by law for a deposition in a civil action pending in a district court.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (4)

V. T. C. A., Civil Practice & Remedies Code § 171.050, TX CIV PRAC & REM § 171.050
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter C. Arbitration (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.051

§ 171.051. Subpoenas

Currentness

(a) The arbitrators, or an arbitrator at the direction of the arbitrators, may issue a subpoena for:

(1) attendance of a witness; or

(2) production of books, records, documents, or other evidence.

(b) A witness required to appear by subpoena under this section may appear at the hearing before the arbitrators or at a deposition.

(c) A subpoena issued under this section shall be served in the manner provided by law for the service of a subpoena issued in a civil action pending in a district court.

(d) Each provision of law requiring a witness to appear, produce evidence, and testify under a subpoena issued in a civil action pending in a district court applies to a subpoena issued under this section.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (2)

V. T. C. A., Civil Practice & Remedies Code § 171.051, TX CIV PRAC & REM § 171.051
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter C. Arbitration (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.052

§ 171.052. Witness Fee

Currentness

The fee for a witness attending a hearing or a deposition under this subchapter is the same as the fee for a witness in a civil action in a district court.

**Credits**

Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

V. T. C. A., Civil Practice & Remedies Code § 171.052, TX CIV PRAC & REM § 171.052
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

---

> Vernon's Texas Statutes and Codes Annotated
>   Civil Practice and Remedies Code (Refs & Annos)
>     Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
>       Chapter 171. General Arbitration (Refs & Annos)
>         Subchapter C. Arbitration (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.053

§ 171.053. Arbitrators' Award

Currentness

(a) The arbitrators' award must be in writing and signed by each arbitrator joining in the award.

(b) The arbitrators shall deliver a copy of the award to each party personally, by registered or certified mail, or as provided in the agreement.

(c) The arbitrators shall make the award:

   (1) within the time established by the agreement to arbitrate; or

   (2) if a time is not established by the agreement, within the time ordered by the court on application of a party.

(d) The parties may extend the time for making the award either before or after the time expires. The extension must be in writing.

(e) A party waives the objection that an award was not made within the time required unless the party notifies the arbitrators of the objection before the delivery of the award to that party.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (14)

V. T. C. A., Civil Practice & Remedies Code § 171.053, TX CIV PRAC & REM § 171.053
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

---

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter C. Arbitration (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.054

§ 171.054. Modification or Correction to Award

Currentness

(a) The arbitrators may modify or correct an award:

(1) on the grounds stated in Section 171.091; or

(2) to clarify the award.

(b) A modification or correction under Subsection (a) may be made only:

(1) on application of a party; or

(2) on submission to the arbitrators by a court, if an application to the court is pending under Sections 171.087, 171.088, 171.089, and 171.091, subject to any condition ordered by the court.

(c) A party may make an application under this section not later than the 20th day after the date the award is delivered to the applicant.

(d) An applicant shall give written notice of the application promptly to the opposing party. The notice must state that the opposing party must serve any objection to the application not later than the 10th day after the date of notice.

(e) An award modified or corrected under this section is subject to Sections 171.087, 171.088, 171.089, 171.090, and 171.091.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (6)

V. T. C. A., Civil Practice & Remedies Code § 171.054, TX CIV PRAC & REM § 171.054
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter C. Arbitration (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.055

§ 171.055. Arbitrator's Fees and Expenses

Currentness

Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, with other expenses incurred in conducting the arbitration, shall be paid as provided in the award.

**Credits**

Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

V. T. C. A., Civil Practice & Remedies Code § 171.055, TX CIV PRAC & REM § 171.055
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
   Civil Practice and Remedies Code
     Title 7. Alternate Methods of Dispute Resolution
      Chapter 171. General Arbitration
       Subchapter D. Court Proceedings

V.T.C.A., Civil Practice & Remedies Code T. 7, Ch. 171, Subch. D, Refs & Annos

Currentness

V. T. C. A., Civil Practice & Remedies Code T. 7, Ch. 171, Subch. D, Refs & Annos, TX CIV PRAC & REM T. 7, Ch. 171, Subch. D, Refs & Annos
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter D. Court Proceedings (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.081

§ 171.081. Jurisdiction

[Currentness](#)

The making of an agreement described by Section 171.001 that provides for or authorizes an arbitration in this state and to which that section applies confers jurisdiction on the court to enforce the agreement and to render judgment on an award under this chapter.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (12)

V. T. C. A., Civil Practice & Remedies Code § 171.081, TX CIV PRAC & REM § 171.081
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter D. Court Proceedings (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.082

§ 171.082. Application to Court; Fees

Currentness

(a) The filing with the clerk of the court of an application for an order under this chapter, including a judgment or decree, invokes the jurisdiction of the court.

(b) On the filing of the initial application and the payment to the clerk of the fees of court required to be paid on the filing of a civil action in the court, the clerk shall docket the proceeding as a civil action pending in that court.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

V. T. C. A., Civil Practice & Remedies Code § 171.082, TX CIV PRAC & REM § 171.082
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

---

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter D. Court Proceedings (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.083

§ 171.083. Time for Filing

Currentness

An applicant for a court order under this chapter may file the application:

(1) before arbitration proceedings begin in support of those proceedings;

(2) during the period the arbitration is pending before the arbitrators; or

(3) subject to this chapter, at or after the conclusion of the arbitration.

**Credits**

Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

V. T. C. A., Civil Practice & Remedies Code § 171.083, TX CIV PRAC & REM § 171.083
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter D. Court Proceedings (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.084

§ 171.084. Stay of Certain Proceedings

Currentness

(a) After an initial application is filed, the court may stay:

   (1) a proceeding under a later filed application in another court to:

      (A) invoke the jurisdiction of that court; or

      (B) obtain an order under this chapter; or

   (2) a proceeding instituted after the initial application has been filed.

(b) A stay under this section affects only an issue subject to arbitration under an agreement in accordance with the terms of the initial application.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (1)

V. T. C. A., Civil Practice & Remedies Code § 171.084, TX CIV PRAC & REM § 171.084
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**                          © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter D. Court Proceedings (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.085

§ 171.085. Contents of Application

Currentness

(a) A court may require that an application filed under this chapter:

(1) show the jurisdiction of the court;

(2) have attached a copy of the agreement to arbitrate;

(3) define the issue subject to arbitration between the parties under the agreement;

(4) specify the status of the arbitration before the arbitrators; and

(5) show the need for the court order sought by the applicant.

(b) A court may not find an application inadequate because of the absence of a requirement listed in Subsection (a) unless the court, in its discretion:

(1) requires that the applicant amend the application to meet the requirements of the court; and

(2) grants the applicant a 10-day period to comply.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

V. T. C. A., Civil Practice & Remedies Code § 171.085, TX CIV PRAC & REM § 171.085
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter D. Court Proceedings (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.086

§ 171.086. Orders That May be Rendered

Currentness

(a) Before arbitration proceedings begin, in support of arbitration a party may file an application for a court order, including an order to:

(1) invoke the jurisdiction of the court over the adverse party and to effect that jurisdiction by service of process on the party before arbitration proceedings begin;

(2) invoke the jurisdiction of the court over an ancillary proceeding in rem, including by attachment, garnishment, or sequestration, in the manner and subject to the conditions under which the proceeding may be instituted and conducted ancillary to a civil action in a district court;

(3) restrain or enjoin:

(A) the destruction of all or an essential part of the subject matter of the controversy; or

(B) the destruction or alteration of books, records, documents, or other evidence needed for the arbitration;

(4) obtain from the court in its discretion an order for a deposition for discovery, perpetuation of testimony, or evidence needed before the arbitration proceedings begin;

(5) appoint one or more arbitrators so that an arbitration under the agreement to arbitrate may proceed; or

(6) obtain other relief, which the court can grant in its discretion, needed to permit the arbitration to be conducted in an orderly manner and to prevent improper interference or delay of the arbitration.

(b) During the period an arbitration is pending before the arbitrators or at or after the conclusion of the arbitration, a party may file an application for a court order, including an order:

(1) that was referred to or that would serve a purpose referred to in Subsection (a);

(2) to require compliance by an adverse party or any witness with an order made under this chapter by the arbitrators during the arbitration;

(3) to require the issuance and service under court order, rather than under the arbitrators' order, of a subpoena, notice, or other court process:

    (A) in support of the arbitration; or

    (B) in an ancillary proceeding in rem, including by attachment, garnishment, or sequestration, in the manner of and subject to the conditions under which the proceeding may be conducted ancillary to a civil action in a district court;

(4) to require security for the satisfaction of a court judgment that may be later entered under an award;

(5) to support the enforcement of a court order entered under this chapter; or

(6) to obtain relief under Section 171.087, 171.088, 171.089, or 171.091.

(c) A court may not require an applicant for an order under Subsection (a)(1) to show that the adverse party is about to, or may, leave the state if jurisdiction over that party is not effected by service of process before the arbitration proceedings begin.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (15)

V. T. C. A., Civil Practice & Remedies Code § 171.086, TX CIV PRAC & REM § 171.086
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**　　　　　　　　　　　　　　　　　　　© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter D. Court Proceedings (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.087

§ 171.087. Confirmation of Award

[Currentness]

Unless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, shall confirm the award.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (27)

V. T. C. A., Civil Practice & Remedies Code § 171.087, TX CIV PRAC & REM § 171.087
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter D. Court Proceedings (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.088

§ 171.088. Vacating Award

Currentness

(a) On application of a party, the court shall vacate an award if:

(1) the award was obtained by corruption, fraud, or other undue means;

(2) the rights of a party were prejudiced by:

(A) evident partiality by an arbitrator appointed as a neutral arbitrator;

(B) corruption in an arbitrator; or

(C) misconduct or wilful misbehavior of an arbitrator;

(3) the arbitrators:

(A) exceeded their powers;

(B) refused to postpone the hearing after a showing of sufficient cause for the postponement;

(C) refused to hear evidence material to the controversy; or

(D) conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party; or

(4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, [1] and the party did not participate in the arbitration hearing without raising the objection.

(b) A party must make an application under this section not later than the 90th day after the date of delivery of a copy of the award to the applicant. A party must make an application under Subsection (a)(1) not later than the 90th day after the date the grounds for the application are known or should have been known.

(c) If the application to vacate is denied and a motion to modify or correct the award is not pending, the court shall confirm the award.

**Credits**

Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (276)

Footnotes

1        V.T.C.A., Civil Practice & Remedies Code § 171.021 et seq.

V. T. C. A., Civil Practice & Remedies Code § 171.088, TX CIV PRAC & REM § 171.088

Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**                                                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Civil Practice and Remedies Code (Refs & Annos)
        Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
            Chapter 171. General Arbitration (Refs & Annos)
                Subchapter D. Court Proceedings (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.089

§ 171.089. Rehearing After Award Vacated

Currentness

(a) On vacating an award on grounds other than the grounds stated in Section 171.088(a)(4), the court may order a rehearing before new arbitrators chosen:

  (1) as provided in the agreement to arbitrate; or

  (2) by the court under Section 171.041, if the agreement does not provide the manner for choosing the arbitrators.

(b) If the award is vacated under Section 171.088(a)(3), the court may order a rehearing before the arbitrators who made the award or their successors appointed under Section 171.041.

(c) The period within which the agreement to arbitrate requires the award to be made applies to a rehearing under this section and commences from the date of the order.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (5)

V. T. C. A., Civil Practice & Remedies Code § 171.089, TX CIV PRAC & REM § 171.089
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**     © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
   Civil Practice and Remedies Code (Refs & Annos)
      Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
         Chapter 171. General Arbitration (Refs & Annos)
            Subchapter D. Court Proceedings (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.090

§ 171.090. Type of Relief Not Factor

Currentness

The fact that the relief granted by the arbitrators could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (2)

V. T. C. A., Civil Practice & Remedies Code § 171.090, TX CIV PRAC & REM § 171.090
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Civil Practice and Remedies Code (Refs & Annos)
        Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
            Chapter 171. General Arbitration (Refs & Annos)
                Subchapter D. Court Proceedings (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.091

§ 171.091. Modifying or Correcting Award

Currentness

(a) On application, the court shall modify or correct an award if:

(1) the award contains:

(A) an evident miscalculation of numbers; or

(B) an evident mistake in the description of a person, thing, or property referred to in the award;

(2) the arbitrators have made an award with respect to a matter not submitted to them and the award may be corrected without affecting the merits of the decision made with respect to the issues that were submitted; or

(3) the form of the award is imperfect in a manner not affecting the merits of the controversy.

(b) A party must make an application under this section not later than the 90th day after the date of delivery of a copy of the award to the applicant.

(c) If the application is granted, the court shall modify or correct the award to effect its intent and shall confirm the award as modified or corrected. If the application is not granted, the court shall confirm the award.

(d) An application to modify or correct an award may be joined in the alternative with an application to vacate the award.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (58)

V. T. C. A., Civil Practice & Remedies Code § 171.091, TX CIV PRAC & REM § 171.091
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter D. Court Proceedings (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.092

§ 171.092. Judgment on Award

Currentness

(a) On granting an order that confirms, modifies, or corrects an award, the court shall enter a judgment or decree conforming to the order. The judgment or decree may be enforced in the same manner as any other judgment or decree.

(b) The court may award:

  (1) costs of the application and of the proceedings subsequent to the application; and

  (2) disbursements.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (14)

V. T. C. A., Civil Practice & Remedies Code § 171.092, TX CIV PRAC & REM § 171.092
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
     Chapter 171. General Arbitration (Refs & Annos)
      Subchapter D. Court Proceedings (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.093

§ 171.093. Hearing; Notice

Currentness

The court shall hear each initial and subsequent application under this subchapter in the manner and with the notice required by law or court rule for making and hearing a motion filed in a pending civil action in a district court.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (3)

V. T. C. A., Civil Practice & Remedies Code § 171.093, TX CIV PRAC & REM § 171.093
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**
© 2015 Thomson Reuters. No claim to original U.S. Government Works.

| |
|---|
| Vernon's Texas Statutes and Codes Annotated<br>  Civil Practice and Remedies Code (Refs & Annos)<br>    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)<br>      Chapter 171. General Arbitration (Refs & Annos)<br>        Subchapter D. Court Proceedings (Refs & Annos) |

V.T.C.A., Civil Practice & Remedies Code § 171.094

§ 171.094. Service of Process for Initial Application

Currentness

(a) On the filing of an initial application under this subchapter, the clerk of the court shall:

(1) issue process for service on each adverse party named in the application; and

(2) attach a copy of the application to the process.

(b) To the extent applicable, the process and service and the return of service must be in the form and include the substance required for process and service on a defendant in a civil action in a district court.

(c) An authorized official may effect the service of process.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

V. T. C. A., Civil Practice & Remedies Code § 171.094, TX CIV PRAC & REM § 171.094
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

---

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter D. Court Proceedings (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.095

§ 171.095. Service of Process for Subsequent Applications

Currentness

(a) After an initial application has been made, notice to an adverse party for each subsequent application shall be made in the same manner as is required for a motion filed in a pending civil action in a district court. This subsection applies only if:

(1) jurisdiction over the adverse party has been established by service of process on the party or in rem for the initial application; and

(2) the subsequent application relates to:

(A) the same arbitration or a prospective arbitration under the same agreement to arbitrate; and

(B) the same controversy or controversies.

(b) If Subsection (a) does not apply, service of process shall be made on the adverse party in the manner provided by Section 171.094.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

V. T. C. A., Civil Practice & Remedies Code § 171.095, TX CIV PRAC & REM § 171.095
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter D. Court Proceedings (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.096

§ 171.096. Place of Filing

Currentness

(a) Except as otherwise provided by this section, a party must file the initial application:

  (1) in the county in which an adverse party resides or has a place of business; or

  (2) if an adverse party does not have a residence or place of business in this state, in any county.

(b) If the agreement to arbitrate provides that the hearing before the arbitrators is to be held in a county in this state, a party must file the initial application with the clerk of the court of that county.

(c) If a hearing before the arbitrators has been held, a party must file the initial application with the clerk of the court of the county in which the hearing was held.

(d) Consistent with Section 171.024, if a proceeding is pending in a court relating to arbitration of an issue subject to arbitration under an agreement before the filing of the initial application, a party must file the initial application and any subsequent application relating to the arbitration in that court.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (4)

V. T. C. A., Civil Practice & Remedies Code § 171.096, TX CIV PRAC & REM § 171.096
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter D. Court Proceedings (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.097

§ 171.097. Transfer

Currentness

(a) On application of a party adverse to the party who filed the initial application, a court that has jurisdiction but that is located in a county other than as described by Section 171.096 shall transfer the application to a court of a county described by that section.

(b) The court shall transfer the application by an order comparable to an order sustaining a plea of privilege to be sued in a civil action in a district court of a county other than the county in which an action is filed.

(c) The party must file the application under this section:

(1) not later than the 20th day after the date of service of process on the adverse party; and

(2) before any other appearance in the court by that adverse party, other than an appearance to challenge the jurisdiction of the court.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

V. T. C. A., Civil Practice & Remedies Code § 171.097, TX CIV PRAC & REM § 171.097
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

---

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 7. Alternate Methods of Dispute Resolution (Refs & Annos)
      Chapter 171. General Arbitration (Refs & Annos)
        Subchapter D. Court Proceedings (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 171.098

§ 171.098. Appeal

Currentness

(a) A party may appeal a judgment or decree entered under this chapter or an order:

  (1) denying an application to compel arbitration made under Section 171.021;

  (2) granting an application to stay arbitration made under Section 171.023;

  (3) confirming or denying confirmation of an award;

  (4) modifying or correcting an award; or

  (5) vacating an award without directing a rehearing.

(b) The appeal shall be taken in the manner and to the same extent as an appeal from an order or judgment in a civil action.

**Credits**
Added by Acts 1997, 75th Leg., ch. 165, § 5.01, eff. Sept. 1, 1997.

Notes of Decisions (142)

V. T. C. A., Civil Practice & Remedies Code § 171.098, TX CIV PRAC & REM § 171.098
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

APPENDIX TAB E

Vernon's Texas Statutes and Codes Annotated
   Insurance Code
      Title 4. Regulation of Solvency (Refs & Annos)
         Subtitle C. Delinquent Insurers
            Chapter 443. Insurer Receivership Act (Refs & Annos)
               Subchapter A. General Provisions

V.T.C.A., Insurance Code § 443.005

§ 443.005. Jurisdiction and Venue

Effective: September 1, 2011
Currentness

(a) Except as authorized by Section 203(e)(3), Pub. L. No. 111-203, a delinquency proceeding may not be commenced under this chapter by a person other than the commissioner, and a court does not have jurisdiction to entertain, hear, or determine any delinquency proceeding commenced by any other person.

(b) A court of this state does not have jurisdiction, other than in accordance with this chapter, to entertain, hear, or determine any complaint praying for:

(1) the liquidation, rehabilitation, seizure, sequestration, conservation, or receivership of any insurer; or

(2) a stay, injunction, restraining order, or other relief preliminary, incidental, or relating to proceedings described by Subdivision (1).

(c) The receivership court, as of the commencement of a delinquency proceeding under this chapter, has exclusive jurisdiction of all property of the insurer, wherever located, including property located outside the territorial limits of the state. The receivership court has original but not exclusive jurisdiction of all civil proceedings arising:

(1) under this chapter; or

(2) in or related to delinquency proceedings under this chapter.

(d) In addition to other grounds for jurisdiction provided by the law of this state, a court having jurisdiction of the subject matter has jurisdiction over a person served pursuant to Rules 21 and 21a, Texas Rules of Civil Procedure, or other applicable provisions of law in an action brought by the receiver if the person served:

(1) is or has been an agent, or other person who, at any time, has written policies of insurance for or has acted in any manner on behalf of an insurer against which a delinquency proceeding has been instituted, in any action resulting from or incident to such a relationship with the insurer;

(2) is or has been an insurer or reinsurer who, at any time, has entered into a contract of reinsurance with an insurer against which a delinquency proceeding has been instituted, or who is an agent of or for the reinsurer, in any action on or incident to the reinsurance contract;

(3) is or has been an officer, director, manager, trustee, organizer, promoter, or other person in a position of comparable authority or influence over an insurer against which a delinquency proceeding has been instituted, in any action resulting from or incident to such a relationship with the insurer;

(4) at the time of the institution of the delinquency proceeding against the insurer, is or was holding assets in which the receiver claims an interest on behalf of the insurer in any action concerning the assets; or

(5) is obligated to the insurer in any way, in any action on or incident to the obligation.

(e) If, on motion of any party, the receivership court finds that any action, as a matter of substantial justice, should be tried in a forum outside this state, the receivership court may enter an appropriate order to stay further proceedings on the action in this state. Except as to claims against the estate, nothing in this chapter deprives a party of any contractual right to pursue arbitration. A party in arbitration may bring a claim or counterclaim against the estate, but the claim or counterclaim is subject to this chapter.

(f) Service must be made upon the person named in the petition in accordance with Rules 21 and 21a, Texas Rules of Civil Procedure. In lieu of such service, upon application to the receivership court, service may be made in any manner the receivership court directs if it is satisfactorily shown by affidavit:

(1) in the case of a corporation, that the officers of the corporation cannot be served because they have departed from the state or otherwise concealed themselves with intent to avoid service;

(2) in the case of a Lloyd's plan or reciprocal or interinsurance exchange, that the individual attorney in fact or the officers of the corporate attorney in fact cannot be served because of departure or concealment; or

(3) in the case of an individual, that the person cannot be served because of the individual's departure or concealment.

(g) An action authorized by this section must be brought in a district court in Travis County.

(h) At any time after an order is entered pursuant to Section 443.051, 443.101, or 443.151, the commissioner or receiver may transfer the case to the county of the principal office of the person proceeded against. In the event of transfer, the court in which the proceeding was commenced, upon application of the commissioner or receiver, shall direct its clerk to transmit the court's file to the clerk of the court to which the case is to be transferred. The proceeding, after transfer, shall be conducted in the same manner as if it had been commenced in the court to which the matter is transferred.

(i) A person may not intervene in any delinquency proceeding in this state for the purpose of seeking or obtaining payment of any judgment, lien, or other claim of any kind. The claims procedure set forth in this chapter constitutes the exclusive means

for obtaining payment of claims from the receivership estate. This provision is not intended to affect the rights conferred on the guaranty associations by Section 443.008(l).

(j) The foregoing provisions of this section notwithstanding, the provisions of this chapter do not confer jurisdiction on the receivership court to resolve coverage disputes between guaranty associations and those asserting claims against them resulting from the initiation of a delinquency proceeding under this chapter. The determination of any dispute with respect to the statutory coverage obligations of any guaranty association by a court or administrative agency or body with jurisdiction in the guaranty association's state of domicile is binding and conclusive as to the parties in a delinquency proceeding initiated in the receivership court, including the policyholders of the insurer. With respect to a guaranty association's obligations under a rehabilitation plan, the receivership court has jurisdiction only if the guaranty association expressly consents to the jurisdiction of the court.

**Credits**

Added by Acts 2005, 79th Leg., ch. 995, § 1, eff. Sept. 1, 2005. Redesignated from V.A.T.S. Insurance Code, art. 21A.005 by Acts 2007, 80th Leg., ch. 730, § 3B.004(a)(1)(A), eff. Sept. 1, 2007; Acts 2007, 80th Leg., ch. 921, § 9.004(a)(1)(A), eff. Sept. 1, 2007. Amended by Acts 2007, 80th Leg., ch. 730, § 3B.004(c), eff. Sept. 1, 2007; Acts 2007, 80th Leg., ch. 921, § 9.004(c), eff. Sept. 1, 2007; Acts 2011, 82nd Leg., ch. 193 (S.B. 1433), § 1, eff. Sept. 1, 2011.

Notes of Decisions (23)

V. T. C. A., Insurance Code § 443.005, TX INS § 443.005
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.